

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF REASONABLE CAUSE FINDING

RE: Cole v. DE Technical & Community College          State Case No.: 0210686

On October 15, 2002, Mr. Kenneth Cole filed a charge of discrimination against DE Technical & Community College. The Charge of Discrimination is hereby incorporated by reference.

**Reasonable Cause Finding:**
On July 30, 2004 the Department of Labor concluded it investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I. Undisputed Facts:
   1. Charging Party began his employment in 1999 as a Part-time Student Enrichment Coordinator in the Upward Bound Math/Science Program
   2. Charging Party is currently employed in the same position.

II. Disputed Facts:
   1. Charging Party claims that he endured racial discrimination because of denial of promotional opportunities and allocation of inappropriate office space with his other black similarly situated co-workers.
   2. Respondent states that Charging Party was not denied a promotional opportunity because the position of a white male, Paul Morris, was re-classified and not upgraded.
   3. Respondent states that Charging Party and other black similarly situated employees were moved to one office because other employees under the "To The Maxx Program" were terminated when the grant ended, thus leaving a vacant office space. Respondent states that the office move was an effort to group persons employed under particular grants in the same geographical area.

III. Resolution of Material Facts in Dispute:
   1. Observation site visit on 4/12/04 revealed that the previous distribution of offices allowed Charging Party and his co-workers to perform effectively in the same geographical area.
   2. Observation revealed that other white similarly situated workers have their own offices or share offices which allow confidentiality, adequate space and safety conditions unlike Charging Party's office that he shares with his group of black co-workers.
   3. Observation revealed that one of Charging Party's co-workers was moved to the current space while her old office is currently vacant with boxes.
   4. Observation revealed that Respondent also has made room for a co-op worker to work in the same office that is already overcrowded and has cramped working conditions (wires in walking areas, draws and file cabinets can open blocking exits).
   5. Charging Party submitted evidence that the grant did not specifically state that all staff in the Program needed to be in the same office rather than a suite of offices or cubicle style offices to provide privacy for confidential conversations when servicing center participants.
   6. Charging Party provided evidence that Paul Morris' position was called a promotion and was not posted according to company policy.

EXHIBIT A

Cole v. DE Technical & Community College
May 12, 2004
Page 2

7. Charging Party provided corroborated evidence that Mr. Morris' position was rescinded only after Charging Party and Ms. Brown complained that his position was not posted.

8. Charging Party has provided substantiated evidence that after he complained about his work conditions, he was subjected to changes in his work schedule and his work was scrutinized despite his excellent work performance.

IV. Resolution:

Charging Party submitted a preponderance of evidence that supported his claim of racial discrimination. Charging Party proved that he suffered adverse actions and his allegations were corroborated by investigative observations and substantial evidence.

The administrative process will now proceed to the conciliation phase pursuant to 19 Del. C. Section 712 (c).

7/14/04
DATE

_____
Brenda Sands
Labor Law Enforcement Officer

7/30/04
DATE

_____
Julie Cutler
Labor Law Enforcement Supervisor