IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLE and <br> BRIGITTE L. BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DELAWARE TECHNICAL AND ) <br> COMMUNITY COLLEGE, ) <br> ) <br> Defendant. ) | C.A. NO. 05-270 (KAJ) <br> (Consolidated) <br><br> JURY TRIAL DEMANDED |

### INTERIM STATUS REPORT

This 8th day of December, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f) in preparation for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b), and per the Scheduling Order issued on August 30, 2005, Plaintiffs Kenneth Cole and Brigitte L. Brown, by and through the undersigned counsel, hereby submits their Interim Status Report:

1. **Jurisdiction and Service.** The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served.

2. **Substance of the Action.** Plaintiffs, Kenneth Cole and Brigitte L. Brown, filed this action in the United States District Court in and for the District of Delaware on May 5, 2005. On July 8, 2005, the Defendant filed its Answer to the Complaint. The two original cases were consolidated into one on August 25, 2005. Plaintiffs' action is for racial discrimination, retaliation, failure to promote and breach of the covenant of good faith and fair dealing. Plaintiffs allege that Defendant violated and continues to violate 42 U.S.C. §2000(e)-2(a) and 3(a). The basis for the action is that Defendant discriminated against Plaintiffs, African

American employees, retaliated against said employees, and denied Plaintiffs career advancement opportunities.

    3.    **Identification of Issues.**

    A.  Whether the employment practices of Defendant deprived Plaintiff of equal employment opportunities because of their race?

    B.    Whether the practices of Defendant caused Plaintiff to experience conscious humiliation, pain and suffering, and other emotional harm?

    C.    Whether Plaintiffs suffered distress, embarrassment and damages to their reputation?

    D.    Whether Plaintiffs suffered a loss of income?

    E.    Whether Defendant subjected Plaintiffs to a hostile work environment?

    F.    Whether Defendant's employment practices were intentional and done with malice and/or reckless indifference to Plaintiff's rights?

    G.    Whether Defendants retaliated against Plaintiffs for their complaints?

    H.    Whether Plaintiffs were denied promotions and transfers despite their qualifications?

    I.    Whether Plaintiffs were forced to work in a hostile work environment?

    J.    Whether Defendants forced Plaintiffs to relocate to a workspace that was inadequately designed and obviously too small to house Plaintiffs and the other members of their department?

    K. What constitutes a breach of the covenant of good faith and fair dealing?

  4. **Narrowing of Issues.** None.

  5. **Relief.** Plaintiffs in this action seek damages for loss of pay: past, with pre- and post-judgment interest. Plaintiff also seeks damages for humiliation, mental anguish, and emotional pain, reasonable attorneys' fees, expert witness fees and costs, court costs, punitive damages for Defendant's malicious and/or reckless conduct, and such other relief and damages as may be provided by law. Furthermore, Plaintiff requests that Defendant be permanently enjoined from continuing the policies and/or practices identified herein.

  6. **Amendment of Pleadings.** None.

  7. **Joinder of Parties.** No other parties need to be joined.

  8. **Discovery.** Paragraph 3c of the Scheduling Order provides that all discovery must be initiated so that it will be completed on or before January 31, 2006. Defendant submitted its Federal Rule 26(a) Initial Disclosures on September 6, 2005 and Plaintiff submitted its Federal Rule 26(a) Initial Disclosures on September 1, 2005. The parties have begun written discovery and depositions will be scheduled shortly.

  9. **Estimated trial length.** Trial should take five (5) days. The parties will endeavor to reduce the length of trial by entering into stipulations as necessary.

  10. **Jury trial.** A jury trial has been demanded by Plaintiff.

  11. **Settlement.** A mediation with Magistrate Judge Thynge is scheduled for May 16, 2006.

  12. **Other Matters.** None.

        MARGOLIS EDELSTEIN

        /s/ Jeffrey K. Martin

        Jeffrey K. Martin, Esquire (#2407)
        Lori Brewington, Esquire (#4522)
        1509 Gilpin Avenue
        Wilmington, DE 19806
        (302) 777-4680
        (302) 777-4682 fax
        jmartin@margolisedelstein.com
        Attorney for Plaintiff

DATE: December 6, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLE and<br>BRIGITTE L. BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE TECHNICAL AND<br>COMMUNITY COLLEGE,<br><br>Defendant. | )<br>)<br>)<br>) C.A. NO. 05-270 (KAJ)<br>) (Consolidated)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I, Lori Brewington, do hereby certify that on December 6, 2005, I electronically filed the foregoing *Interim Status Report* with the Clerk of the Court using CM/ECF which will send notification of such filing, and have also sent two (2) true and correct copies of *Interim Status Report* and the respective *Certificate of Service* for same via first class U.S. Mail, postage prepaid to the following:

David H. Williams, Esquire
Jennifer L. Brierley, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306

MARGOLIS EDELSTEIN

_____
Jeffrey K. Martin, Esquire (#2407)
Lori Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
Attorney for Plaintiff

Dated: December 6, 2005