IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH COLE, <br> BRIGITTE BROWN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) | C.A. No. 05-270 (KAJ) |
| | ) | |
| DELAWARE TECHNICAL AND <br> COMMUNITY COLLEGE, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**APPENDIX TO
DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

          David H. Williams (#616)
          dwilliams@morrisjames.com
          James H. McMackin, III ) (#4284)
          jmcmackin@morrisjames.com
          MORRIS, JAMES, HITCHENS & WILLIAMS LLP
          222 Delaware Avenue
          P.O. Box 2306
          Wilmington, DE 19899
          (302) 888-6900
          Attorneys for Defendant

Dated: June 2, 2006

## TABLE OF CONTENTS

**PAGE**

Excerpts from the Deposition of Brigitte L. Brown ............................................. C 1-2

Excerpts from the Deposition of Kenneth Cole .................................................. C 3

BRIGITTE L. BROWN

Page 50

1    A.    Yes.

2    Q.    And you have put a footnote, it looks like

3 there is an asterisk, and then at the bottom, next to

4 another asterisk, it says "room too small."  What does

5 that mean, room too small for cubicles?

6    A.    The way the room was set up at that time when

7 we was in there, it didn't look like there was any

8 possible way for a cubicle, so I am saying room is too

9 small for cubicles.

10   Q.    So, it's your position that cubicles were not

11 offered to you, but it wouldn't have mattered because

12 the room was too small for them anyway?

13   A.    No.

14   Q.    I am just trying to understand here.

15   A.    That's not my position.

16   Q.    I am trying to understand your note here.

17   A.    All I wanted to do was be treated fairly.  When

18 I came up -- when I started at the college, everybody

19 already had their spaces.  The programs, they already

20 had their cubicles.  I don't know who put their

21 cubicles there.  They were already established and

22 they were already there.

23            Then Mr. Morris said that we were going to

24 go in this room.  We asked about partitions.  We

Page 51

1  looked at the room as like, How in the world are
2  partitions going to be put into this room?  But the
3  only thing I wanted to do was be treated fairly and
4  have the same things that anybody else had.  If I
5  needed, if it was a cubicle, then it was a cubicle.
6  But I wasn't -- I don't know why we never got cubicles
7  because we definitely asked, and I know for a fact we
8  asked Mr. Morris at that meeting for cubicles.
9      Q.    Why did you write "room too small"?
10     A.    Because the room was too small.
11     Q.    For cubicles?
12     A.    That's just my opinion.
13     Q.    That's all I am trying to get.  I am handing
14 you a document identified as Brown/Cole 172.
15           Did you prepare this document?
16     A.    Just a minute.  Yes, I did.
17     Q.    What is the date on the bottom?
18     A.    2/8, 2005.
19     Q.    Now, which transfer are you complaining about
20 in this document?
21     A.    Again, this grievance -- Andrea Coleman's
22 transfer.  Andrea Coleman was a student enrichment
23 coordinator that came in to DelTech after I did.  She
24 came about five months after I did.  Andrea Coleman

1  included them with the Complaint.
2       Q.   In paragraph 77 of the Complaint, you
3  claim that you are suffering a loss of considerable
4  pay.  What is the loss of pay that you are suffering?
5       A.   Well, there's the promotion of Paul
6  Morris, and I'm not sure how long -- I hear it in
7  testimony.  I'm not sure how long he was promoted,
8  but he went on to get other promotions.
9            I think that I should have been
10 afforded the opportunity to -- Brigitte and myself
11 should have been afforded an opportunity when Mrs.
12 Henderson, which we thought at the time, resigned.
13 And when they brought in Jacquita Wright Henderson,
14 she came in as acting.  I felt that I should have
15 been afforded an opportunity to become acting, or Ms.
16 Brown become acting.
17      Q.   Well, we'll come back to that.  In
18 paragraph 80 you talk about, or you allege that the
19 college denied career advancement opportunities by
20 denying his request for promotion.  Which request for
21 promotion are you talking about?
22      A.   That's another, I think, mistake there.
23 That document was merged from another -- maybe Ms.
24 Brown's claim.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH COLE,<br>BRIGITTE L. BROWN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C. A. No. 05-270 KAJ |
| DELAWARE TECHNICAL AND<br>COMMUNITY COLLEGE, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that on June 2, 2006, I electronically filed the attached **APPENDIX TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Jeffrey K. Martin, Esquire
> Lori A. Brewington, Esquire
> Margolis and Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE 19806

> MORRIS, JAMES, HITCHENS & WILLIAMS LLP

> /s/ James H. McMackin, III
> David H. Williams (#616)
> dwilliams@morrisjames.com
> James H. McMackin, III, Esquire
> jmcmackin@morrisjames.com
> 222 Delaware Avenue
> P.O. Box 2306
> Wilmington, DE 19899
> (302) 888-6900/5849

Dated: June 2, 2006          Attorneys for Defendant