# Morris James LLP

James H. McMackin, III
302.888.5849
jmcmackin@morrisjames.com

August 10, 2007

**VIA E-MAIL**

Herbert W. Mondros, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Ralph R. Smith, III, Esquire
Margolis Edelstein
216 Haddon Avenue, Suite 200
Westmont, NJ 08108-2818

        RE:   *Kenneth Cole and Brigitte L. Brown v.*
                 *Delaware Technical and Community College*
                 *Civil Action No. 05-270-GMS*

Dear Ralph and Herb:

       As you are aware, the Court in the above-referenced matter requires the submission of the pre-trial order on Monday, August 13, 2007. Judge Sleet informed the parties in the May 25, 2007 teleconference that the parties are to strictly comply with the requirements of the Judge's pre-trial order. Judge Sleet's standing pre-trial order form as set forth on his website requires the contemporaneous submission of proposed joint jury instructions, voir dire, and special verdict interrogatories along with objections and motions in limine. Pursuant to footnote 2 of Judge Sleet's standing pre-trial order, "counsel for the plaintiff must prepare the initial draft of a proposed stipulation dealing with allegations in the complaint." Furthermore, pursuant to Local Rule 16.3(d)(1), "[t]he plaintiff shall provide a draft pretrial order to all other parties no less than 30 days before the pretrial order is to be field with the Court." To date, no such draft pre-trial order has been received.

       I acknowledge that a pre-trial order was filed on August 22, 2006. The pre-trial order which was filed on August 22, 2006 was submitted to Judge Jordan who is no longer the Judge assigned to this case due to his elevation to the Third Circuit. Furthermore, the pre-trial order was submitted to the Court before the motion for summary judgment was decided, and thus includes information pertaining to dismissed claims. Lastly, the pre-trial order submitted on August 22, 2006 does not conform to Judge Sleet's standing pre-trial order form. As such, a new pre-trial order clearly is warranted.

August 10, 2007
Page 2

MorrisJames<sub>LLP</sub>

      Judge Sleet's standing pre-trial order form cannot be prepared without joint cooperation of counsel and supplying drafts in advance. We certainly cannot adequately brief motions in limine or address objections without knowing what you are going to include in your draft. To date, we have not received the necessary cooperation in order to fulfill our obligations to the Court. Indeed, on July 5, I emailed you concerning the status of jury instructions I mistakenly believed were due on July 11 (which was the deadline under the previous scheduling order) and concerning the pre-trial order. I did not receive a response. On August 3, I emailed you and apologized for thinking the jury instructions were due on July 11, and asked when we could expect to receive drafts of the pre-trial order, jury instructions, voir dire, etc. which are due on August 13. Again, I did not receive a response. On August 8, I emailed you both to confirm whether Ralph is the attorney working on this case. Ralph confirmed he is working on the case, aware of the deadline and preparing the materials. Nevertheless, we have received nothing.

      I assume you will make an application to the Court because the plaintiffs' delinquency in providing the necessary documents puts the case in a position where it is impossible to comply with the Court's order. Please contact me immediately to discuss what your plans are.

Very truly yours,

*[signature]*

James H. McMackin, III

JHM/jam
cc: Brian Shirey, Esquire

1599815/1