## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KENNETH COLE,          )
BRIGITTE BROWN,     )
                    )
       Plaintiffs,     )
                    )
     v.             )    **C.A. No.  05-270 (GMS)**
                    )    **(Consolidated)**
DELAWARE TECHNICAL AND  )
COMMUNITY COLLEGE,  )
                    )
      Defendant.     )

## FINAL PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and Herbert W. Mondros, Esquire, 750 South Madison Street, Suite 102, Wilmington, DE 19801, (302) 888-1112, and Ralph R. Smith 3rd,  Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, (856) 858-7200, having appeared as counsel for plaintiff(s) and David Williams, Esquire, and James H. McMackin, III, Esquire, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, (302) 888-6900, having appeared as counsel for defendant, the following actions were taken:

**(1)**　　This is an action for alleged violations of federal and state civil rights laws and employment discrimination and retaliation and the jurisdiction of the Court is invoked under 28 U.S.C. §1331 and Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), et seq. Jurisdiction is not disputed.

**(2)**

　　　　**(a)**　　**The following stipulations and statements were submitted and are attached to and made a part of this Order:**

　　　　　　　　1.　　Cole, an African-American, was hired by Delaware Technical & Community College as a part-time Student Enrichment Coordinator for the

Upward Bound Math and Science Program (hereinafter "UBMS") in or around November 1999.

2.      Cole has been continuously employed as a part-time employee by Del Tech since that time.

3.      Cole served in the military from 1977 and continuing through 1983.

4.      Prior to working for Del Tech, Cole worked for PECO Energy in Philadelphia.

5.      Brown, an African-American, was hired by the College as a full-time Student Enrichment Coordinator for the UBMS department on or about January 8, 2001.

6.      The College is a statewide institution of higher education, i.e. a local community college, providing academic, technical, continuing education, and industrial training to students.

7.      At all relevant times to this action, the College had three (3) federal grant TRIO programs: the Educational Talent Search (ETS) Program, the Upward Bound Classic (UBC) Program and the UBMS program.

8.      Cole is and Brown was a student enrichment coordinator in the UBMS department.   At certain times relevant to this case the UBMS department consisted of only African-American employees, including an African-American Program Manager, Rosetta Henderson ("Henderson"). The other two TRIO programs, ETS and UBC, had Caucasian Program Managers.

9.      At all relevant times to this matter, Dr. Sue Zawislak ("Zawislak"), a Caucasian female, served as College's Director of Corporate and Community Programs ("CCP"), Ann Del Negro ("Del Negro"), a Caucasian female, served as the department chair for Youth Programs, the Assistant Director of CCP, then

subsequently the Director of CCP, and Paul Morris ("Morris"), a Caucasian male, served as the Program Manager for ETS, the Special Programs Director for the TRIO programs, the Program Manager for ETS, then subsequently the acting chair (later, the chair) of the Community and School Projects department.

10.    Going back to at least 1999, it was a continuing goal of the College to "reexamine existing office space and reallocate where appropriate."  The Fiscal Year 2000 achievement report repeated the plan to examine and relocate office space.  The same goal appears in the Fiscal Year 2001 report.

11.    On August 5, 2002, the relocation of the UBMS department was discussed at a Program Manager's meeting.  Morris, Special Programs Director, met with Plaintiffs and the other two (2) members of their department, Henderson and Liz Wilson ("Wilson"), an African-American, on August 12, 2002 and informed them that the UBMS department would be relocated.

12.    On August 13, 2002, the former Program Manager for UBMS, Henderson, informed Morris that the UBMS staff wanted to discuss the proposed relocation.

13.    On August 14, 2002, the UBMS staff sent an e-mail to Zawislak regarding the relocation.

14.    Upon Henderson's return from vacation on August 23, 2002, Zawislak asked Henderson, the UBMS supervisor, to handle the matter.

15.    August 28, 2002, Henderson sent an e-mail to Morris and DelNegro requesting they meet with the UBMS staff.   The next day, Morris and DelNegro met with the UBMS staff and discussed the office relocation.

16.    On August 30, 2002, Brown sent an e-mail asking Zawislak to meet with UBMS staff concerning the relocation.

17.     Cole met with a representative from the College's Human Resources department to discuss the relocation.

18.     At a supervisor's meeting on September 4, 2002, DelNegro, Henderson, Morris, and Zawislak discussed the relocation.

19.     On September 5, 2002, Zawislak and DelNegro met with Brown individually to discuss the relocation.

20.     That same day, Cole filed his first grievance.

21.     On September 11, 2002, Zawislak, DelNegro and Cara Stanard ("Stanard") met with Cole and discussed his objections to the move.

22.     On October 2, 2002, Zawislak and DelNegro met with Plaintiffs and their secretary.

23.     The day before the move, Plaintiffs contacted Winner to request another meeting regarding the relocation.

24.     On October 7, 2002, Cole filed a supplement to his grievance.

25.     The UBMS department was relocated to Office 408 on October 8, 2002.

26.     Brown worked in Office 408 until June 27, 2005. Cole worked in Office 408 with a full-time secretary and Brown's replacement through August 16, 2006. He now works in Office 408 with one colleague.

27.     After the UBMS department moved to Room 408, Kate Sullivan ("Sullivan"), a Caucasian female, Program Manager of UBC moved into Brown's former office.

28.     The UBMS Program is a federally funded program

29.     On September 5, 2002, Cole filed a grievance, alleging that the "promotion" of Morris to Special Programs Director violated College policy.

4

30.     On September 9, 2002, Zawislak sent a memo to all CCP staff advising that as of July 1, 2002, Morris was reclassified to Special Programs Director, not promoted, as noted in the CCP August update.

31.     In order for an employee to be "reclassified" into a different position at the College, the employee must be able to work the additional job duties of the new position within the employee's regular working hours.

32.     Cole filed a Step 2 Grievance in or around October 22, 2002. The "promotion" or "reclassification" of Morris was investigated by Jacqueline D. Jenkins ("Jenkins"), Director of Human Resources at the request of Lawrence H. Miller ("Miller"), Vice President & Campus Director.

33.     Cole was a part-time employee because he owned and operated a business.

34.     Morris' position was a full-time position, which would have required Cole to work more than 29 hours per week.

35.     It was determined that Morris was approached by Zawislak and Del Negro shortly after Del Negro's promotion in 2001 to assist with fiscal and management responsibilities that were previously managed by Del Negro.

36.     In filling vacancies, qualified regular college employees will receive equal consideration for promotion, in accordance with the College's Statement of Affirmative Action Policy, regardless of race, color creed, sex national origin, etc.

37.     Morris' salary increased for a period of time from a pay grade of B-16 to a pay grade of B-17, as a result of the reclassification from Program Manager to Special Programs Director.

38.     Effective December 1, 2002, Morris' reclassification was rescinded.

39.     Zawislak informed Henderson that Cole must begin working at 8:30 am rather than 8:00 am.

5

1602550/2

40.     Jenkins advised Cole that if he did not work the College hours of between 8:30am to 4:30pm, or did not provide additional requested medical documentation, his "employment may be terminated."

41.     Brown sent a written request addressed to Miller for a change in her working hours from her current schedule of 8:30-4:30 to 9:00-5:00pm.

42.     When Jacquita Wright-Henderson was appointed to Acting Assistant Director of Corporate and Community Programs, Morris was appointed to Acting Department Chair of Community and School Projects in 2003.    As Acting Assistant Director, Jacquita Wright-Henderson, was assigned management oversight of the UBMS program in the absence of a Program Manager.  This arose when Del Negro went to work at the Owens Campus.

43.     The Program Manager position for UBMS was posted both internally and externally.

44.     The first posting for the Program Manager of UBMS occurred between March 15, 2004 and March 29, 2004.

45.     Morris served on the hiring committee for this position and was aware that Brown had filed an EEOC charge against the College.

46.     The Program Manager position was posted again from June 14, 2004 through June 28, 2004.  Paul Morris served on the hiring committee. Brown was granted an interview.

47.     The position was posted again between September 4, 2004 and September 20, 2004.  Brown did not apply.  Ultimately, Andrea Coleman ("Coleman"), an African-American, laterally transferred into the Program Manager position. Coleman was previously Program Manager of Youth Camp Programs. Coleman and Brown are of the same protected class.

6

48.     Coleman also served on the interview committee for the UBMS Program Manager position, the position for which she later was hired.

49.     Brown had worked in the UBMS program since 2001. Coleman did not receive the UBC Program Manager position when she interviewed for the Program Manager position in that group as a Student Enrichment Coordinator.

50.     Brown and Cole filed grievances concerning Coleman's lateral transfer to the UBMS Program Manager position.

51.     On or about October 15, 2002, Cole filed a charge of discrimination against the College with the Delaware Department of Labor alleging race discrimination and retaliation.

52.     On or about November 8, 2002, Brown filed a charge of discrimination against the College with the Delaware Department of Labor alleging race discrimination and retaliation.

**(b)**

**Plaintiff's contested issues of law and fact:**

(1)     Whether Plaintiff's Brown and Cole were subject to racial discrimination by way of an unlawful office Transfer to smaller premises due to their race, African American.

(2)     Whether Plaintiff's Brown and Cole were denied promotional opportunities in retaliation for complaining about what they believed was wrongful race discrimination under Federal and State law.

(3)     Whether Plaintiff's are entitled to punitive and compensatory damages?

(4)     Whether Plaintiff's are eligible to receive back pay and front pay for claimed wrongful retaliation and discrimination?

**Defendant's contested issues of law and fact:**

Other than whether Plaintiffs' failure to file charges of discrimination concerning certain allegedly unlawful conduct precludes some of their claims, objections to the introduction of evidence at trial, jury instructions, voir dire, special verdict interrogatories and other pre-trial matters, there are no other issues of law to be decided by the Court. There are disputes of fact whether the office relocation was adverse employment action, whether or not the College had a proper business purpose to relocate the UBMS program to Room 408, whether the office relocation gives rise to an inference of unlawful discrimination, whether or not Cole was subject to adverse employment action when Paul Morris ("Morris") was reclassified to Special Programs Director, whether the College had a proper business purpose to reclassify Morris to Special Programs Director, whether Morris' reclassification gives rise to an inference of unlawful discrimination, whether Cole could have worked the hours required of the Special Programs Director position, whether the College could have known Cole would have applied for the Special Programs Director position, whether the plaintiffs were subjected to adverse employment action through scrutiny of their former manager, whether the College had a proper business purpose to require the Plaintiffs to comply with College policy, whether requiring the Plaintiffs to comply with College policy gives rise to an inference of unlawful discrimination, whether Cole was subject to adverse employment action when he was ordered to work his shift, whether the College had a proper business purpose to require Cole to work his shift, whether requiring Cole to work his shift gives rise to an inference of unlawful discrimination, and whether or not the College discriminated or retaliated against Brown when it transferred Andrea Coleman to Program Manager.

     **(c)    Except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;**

        (1)    See Exhibits identified in Schedule "C".

1602550/2

(2)    The Defendant requests that the jury tour Office 408 and the rooms that house and formerly housed UBMS and the other TRIO programs at the College, as well as the conference room next to Office 408.

**(d)    Witnesses**

The parties stipulate and agree that witnesses may be cross examined during their direct examination without the need to recall the witness, and the scope of questioning each witness is not limited to the scope of their prior questioning

**List of witnesses the plaintiff expects to call, including experts:**

1.    Expert witnesses.

> Dr. Oluseyi Senu-Oke.
> Dr. Tamara Walker-Gladney

2.    Non-expert witnesses.

> Plaintiff, Kenneth Cole, who can be contacted through his attorney, Herbert W. Mondros, Margolis Edelstein, 750 South Madison Street, Suite 102, Wilmington, DE 19801, 302-888-1112, or Ralph R. Smith 3rd, Margolis Edelstein, Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, 856-858-7200, admitted pro hac vice.

> Plaintiff, Brigitte Brown, former Student Enrichment Coordinator at Delaware Technical and Community College who can be contacted through her attorney, Herbert W. Mondros, Margolis Edelstein, 750 South Madison Street, Suite 102, Wilmington, DE 19801, 302-888-1112, or Ralph R. Smith 3rd, Margolis Edelstein, Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, 856-858-7200, admitted pro hac vice.

> Jimmy Bunkley, Fiancee to Plaintiff Brown who can be contacted through her attorney, Herbert W. Mondros, Margolis Edelstein, 750 South Madison Street, Suite 102, Wilmington, DE 19801, 302-888-1112, or Ralph R. Smith 3rd, Margolis Edelstein, Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, 856-858-7200, admitted pro hac vice.

> Anthony Brown, Eyan Evans Brown, Brigitte Evans Brown, Plaintiff Brown's children who can be contacted through her attorney, Herbert W. Mondros, Margolis Edelstein, 750 South Madison Street, Suite 102, Wilmington, DE 19801, 302-888-1112, or Ralph R. Smith 3rd, Margolis

Edelstein, Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, 856-858-7200, admitted pro hac vice.

Renee DeJean, Cousin to Plaintiff Brown, who can be contacted through her attorney, Herbert W. Mondros, Margolis Edelstein, 750 South Madison Street, Suite 102, Wilmington, DE 19801, 302-888-1112, or Ralph R. Smith 3rd, Margolis Edelstein, Sentry Office Plaza, 216 Haddon Avenue, 2nd Floor, P.O. Box 92222, Westmont, NJ 08108, 856-858-7200, admitted pro hac vice.

Larry Miller, Vice President and Campus Director of Delaware Technical and Community College.

Jacqueline Jenkins, Director of Human Resources at Delaware Technical and Community College.

Jacquita Wright Henderson, Delaware Technical and Community College.

Andrea Coleman, Delaware Technical and Community College.

Eugene Barnes, Program Manager of the Upward Bound Classic Program at Delaware Technical and Community College.

Tonia Conley, Student Enrichment Coordinator of Upward Bound Classic at Delaware Technical and Community College.

Ann Del Negro, Manager of Corporate and Community Programs at Delaware Technical and Community College.

Rosetta Henderson, Program Manager of Upward Bound Math/Science at Delaware Technical and Community College.

Paul Morris, Program Manager, Talent Search at Delaware Technical and Community College.

Mary Shields, Human Resources Department at Delaware Technical and Community College.

Cara Stanard, Human Resources Department at Delaware Technical and Community College.

Kate Sullivan, Program Manger for Upward Bound Classic at Delaware Technical and Community College.

Elizabeth Wilson, Upward Bound Math/Science Secretary at Delaware Technical and Community College.

Sue Zawislak, Director of Corporate and Community Programs at Delaware Technical and Community College.

Plaintiff reserves the right to call any witness named by Defendant in this matter.

**List of witnesses the defendant expects to call, including experts:**

1.    Expert witnesses-

     None

2.    Non-expert witnesses-

    1.    Lawrence Miller
        Vice President & Campus Director

    2.    Susan Zawislak
        Director of Corporate & Community Programs

    3.    Ann DelNegro
        Director of Corporate & Community Programs (Owens Campus)

    4.    Paul T. Morris, Jr.
        Chair, Community & School Projects

    5.    Jacqueline D. Jenkins
        Director of Human Resources

    6.    Jacquita Wright-Henderson
        Assistant Director of Corporate & Community Programs

    7.    Cara Stanard
        Assistant to the Dean of Instruction

    8.    Rosetta Henderson
        Former Program Manager, Upward Bound Math and Science

    9.    Edward Cunningham
        Assistant Director of Administrative Services

    10.   Kate Sullivan
        Former Employee of the College

    11.   Andrea Coleman
        Former Employee of the College

    12.   Rosanna Brown-Simmons
        Program Manager, Upward Bound Math and Science

    13.   Tonia Conley
        Former Employee of the College

14. Peter Lonie
Former Employee of the College

15. Tammy L. Fenimore
Human Resources Specialist II

16. Sam Panella
Department Chair, Science

17. Reuben Evans
Counselor

18. Crystal Heath
Former Employee of the College

19. Elizabeth Wilson (Persons)
Secretary, Upward Bound Math and Science

20. Dr. Connie Winner
Assistant Campus Director

21. Brigitte Brown
Former Student Enrichment Coordinator

22. Kenneth Cole
Student Enrichment Coordinator

23. Cathy Hagan
Administrative Assistant

24. Dan Ehmann
Business Manager

Defendant reserves the right to call any witness named by Plaintiffs in this matter.

**(e)    To be supplied.**

**(f)    To be supplied.**

The College reserves the right to lodge with the Court all written discovery responses and transcripts of all depositions.

**(g)    Damages:**

**A.    Brown**

12

1.      This is an action seeking a judgment against the College and in Brown's favor to provide appropriate back pay with pre-judgment interest in the amount equal to the pay differential between the position of Student Enrichment Coordinator and Compensatory Program Manager. Specifically, Brown is seeking in excess of $42,667.00 in back pay with pre-judgment interest.

2.      Additionally, Brown is seeking non-pecuniary losses including pain, suffering and humiliation, past and future pecuniary losses, punitive damages in the amounts to be determined at trial.

3.      Brown is also seeking out of pocket expenses.

4.      Brown is also seeking costs of reasonable attorneys' fees and expenses provided by 42 U.S.C. § 2000e-5(f)(1).

5.      Brown is also seeking such other relief as the Court deems just and proper in the amounts to be determined at trial.

**B.    Cole**

1.      This is an action seeking a judgment against Defendants and in Cole's favor to provide appropriate back pay with pre-judgment interest in the amount equal to the pay differential between the position of Student Enrichment Coordinator and Special Program Manger. Specifically, Cole is seeking in excess of $115,628.00 in back pay with pre-judgment interest.

2.      Additionally, Cole is seeking non-pecuniary losses including pain, suffering and humiliation, past and future pecuniary losses, punitive damages in the amounts to be determined at trial.

3.      Cole is also seeking out of pocket expenses.

4.      Cole is also seeking costs of reasonable attorneys' fees and expenses provided by 42 U.S.C. § 2000e-5(f)(1).

13

5.      Cole is also seeking front pay.

6.      Cole is also seeking such other relief as the Court deems just and proper in the amounts to be determined at trial.

**(h)      There are no waivers of claims or defenses.**

**(i)      For a jury trial, each party shall provide the following:**

(i)      Trial brief shall be submitted shortly.

(ii)     Jury changes to be submitted shortly.

(iii)    Voir Dire Questions

**Proposed by Mr. Cole and Ms. Brown**

1.      a)      Is any member of the panel personally acquainted with, or do you have a family member or friend personally acquainted with anyone who is employed by Delaware Technical and Community College?

b)      Have you, or any family member, or close friend attended or graduated from Delaware Technical and Community College?

c)      Have you, or any family member or close friend had any negative experience with Delaware Technical and Community College?

2.      Is any member of the panel personally acquainted with or do you have a family member or friend personally acquainted with Kenneth Cole, Bridgette Brown, or any member of their families?

3.      You have been given a list of the attorneys and law firms involved in this litigation.  Is any member of the panel related to, or personally acquainted with any of these attorneys, or have you ever been represented by any of these attorneys or other associates or members of the listed law firms?

14

4.      You have been given a list of the individuals who might appear as witnesses in this case. Is any member of the panel related to, or personally acquainted with, any of these individuals?

5.      Does any member of the panel have any personal knowledge of this case, or have you read or heard it discussed, or have an opinion regarding it?

6.      Have you ever been a plaintiff, a defendant, or a witness in a civil lawsuit?

7.      Have you ever served before as a juror in a civil lawsuit?

8.      Have you, anyone in your family or close personal friend ever been involved in an employment discrimination or retaliation lawsuit? Anyone ever felt like they were the victim of retaliation because of complaints about discrimination?

9.      Have you ever felt that you have been a victim of employment discrimination?

10.     Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of a jury in this case?

11.     Do any of you know of any other matter which you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

**Proposed by the College:**

1.      Have you, a relative, or a friend, ever been involved in a dispute or unfavorable experience involving the Delaware Technical and Community College ("Del Tech")?

2.      Del Tech is an agency of the State of Delaware. Do you have any beliefs or feelings for or against the State, or agencies of the State, which may prevent you from being completely fair and impartial in this case, and treating Del Tech as if it were an individual?'

3.      Are you, a relative, or a friend presently involved in an employment discrimination lawsuit or claim, or have you been involved in such a lawsuit or claim within the last 5 years?

15

1602550/2

4.     Have you, a relative or a friend ever been involved as a party, witness, or otherwise, in a situation involving the workplace, or in a case involving a claim of employment discrimination?

5.     Have you ever been sued or been involved in a serious dispute with your employer?

6.     Do you feel that you have been treated unfairly at work or discriminated against in employment?

7.     Are you, a relative, or a friend related to, or personally acquainted with Herbert Mondros, Ralph Smith III, David H. Williams or James H. McMackin, III or have you, a relative, or a friend ever been represented by Herbert Mondros, Ralph Smith III, David H. Williams or James H. McMackin, III, or the law firms Margolis Edelstein or Morris James?

8.     Are you, a relative, or a friend, related to, or personally acquainted with any of the individuals who might appear as witnesses in this case (see attached list)?

    **(j)     Not applicable.**

    **(k)     The parties are too far apart to make settlement negotiations worthwhile.**

    **(l)     The parties have completed all necessary discovery.**

    **(m)     Plaintiff Ken Cole anticipates filing a motion in limine to exclude any and all evidence that he filed a charge of discrimination against PECO Energy.  Defendant does not anticipate the filing of any motions in limine.**

**(3)**     Trial of this case is expected to take 5 days.

**(4)**     Jury     X          Non-jury

**(5)**     The parties recommend that 8 jurors be selected at the commencement of the trial.

**(6)**     This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**(7)**     Possibility of settlement of this case was considered by the parties.

_____
UNITED STATES DISTRICT JUDGE


Date: _____




*s/ Herbert W. Mondros*                          *s/ David H. Williams*
_____        _____
Herbert W. Mondros, Esquire (#3308)        David H. Williams, Esquire (#616)
Margolis Edelstein                                      James H. McMackin, Esquire (#4284)
750 South Madison Street, Suite 102        Morris James, LLP
Wilmington, DE 19801                              500Delaware Avenue, Suite 1500
(302) 888-1112                                        Wilmington, DE 19801
                                                             (302) 888-6900

        - and –

Ralph R. Smith 3rd, Esquire (admitted pro hac vice)
Margolis Edelstein
Sentry Office Plaza
216 Haddon Avenue, 2nd Floor
P.O. Box 92222
Westmont, NJ 08108
(856) 858-7200


17

18

## Schedule (c)

## Exhibits

1.     **The following exhibits were offered by plaintiff, received in evidence and marked as indicated:**

| Plaintiff's Exhibit Number | Description | Defendant's Basis for Objection | Plaintiff's Response to Objection |
|---|---|---|---|
| PX. 1 | Chronology of Program Manager-UBMS, First Posting, Corporate & Community Programs (DEF 000478) | | |
| PX. 2 | Letter to Brigitte L. Brown from Tammy L. Fenimore dated April 26, 2004. (DEF 000422) | | |
| PX. 3 | Chronology of Program Manager-UBMS, Second Posting, Corporate & Community Programs (DEF 000704) | | |
| PX. 4 | Letter to Brigitte L. Brown from Tammy L. Fenimore dated July 26, 2004. (DEF 000437) | | |
| PX. 5 | Upward Bound Math/ Science Program Manager Recruitment. (DEF 001123) | | |
| PX. 6 | Delaware Technical and Community College Grievance Form Step I, signed by Brigitte Brown dated March 8, 2005. (B-0006) | | |

| | | | |
|---|---|---|---|
| PX. 7 | Email to Jacquita Wright from Kenneth Cole re: Personnel & Policy Manual Concerns dated February 2, 2005. (B-0007) | | |
| PX. 8 | Memorandum to Brigitte Brown from Dr. Susan Zawislak re: Grievance dated February 21, 2005. (DEF 001124) | | |
| PX. 10 | Letter to Lawrence Miller from Kenneth Cole re: Supplement to Grievance Retaliatory Actions dated October 7, 2002. (B-0013 – B-0014) | | |
| PX. 11 | Email to Kenneth Cole from Rose Henderson re: Working Hours dated September 19, 2002. (DEF 001063) | | |
| PX. 12 | Memorandum to Kenneth Cole from Jackie Jenkins re: Physician's Statement dated November 27, 2002. (DEF 001102) | | |
| PX. 13 | Doctor John E. Hocutt, Jr.'s statement re: Kenneth Cole re: November 25, 2002 doctor's visit. (B-0017) | Hearsay- F.R.E. 802.  Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |

| PX. 14 | Email to Ann DelNegro from Rosetta Henderson re: Ken's Working Hours dated October 30, 2002. (DEF 001065) | | |
|---|---|---|---|
| PX. 15 | Letter to Kenneth Cole from Jacqueline Jenkins re: physicians note dated December 13, 2002. (B-0019 – B-0021) | | |
| PX. 16 | Memorandum from Rosetta Henderson to Susan Zawislak re: Kenneth Cole's Doctor's note and reduced working hours dated November 21, 2002. (B-0022) | | |
| PX. 17 | Doctor John E. Hocutt, Jr's statement re: Kenneth Cole re: November 25, 2002 doctor's visit. Signed by Dr. (B-0023) | Hearsay- F.R.E. 802. Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 18 | Doctor John E. Hocutt, Jr's doctor's note dated December 16, 2002. (B-0024) | Hearsay- F.R.E. 802. Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |

| | | | |
|---|---|---|---|
| PX. 19 | Memorandum to Sue Zawislak from Rosetta Henderson re: Kenneth Cole re: Supplement to Grievance dated November 13, 2002. (DEF 000371- DEF 000372) | | |
| PX. 20 | Memorandum to Larry Miller from Brigitte Brown re: Review to Mr. Cole's memorandum dated October 15, 2002. (B-0027 – B-0028) | | |
| PX. 21 | CCP Youth Department 4th Floor East Building Office Moves.  (DEF 000325 – DEF 000326) | | |
| PX. 22 | Attachment #2 4th Floor Office Changes. (DEF 001001) | | |
| PX. 23 | Room Numbers (DEF 000477) | | |
| PX. 24 | Staff meeting minutes dated August 29, 2002. (DEF 000300 – DEF 000302) | | |
| PX. 25 | Photographs of working spaces of Brigitte Brown and Kenneth Cole with their co-workers before the move, rooms 424, 408, 428A, and 428B (B-0036 – B-0040) | | |

22

| | | | |
|---|---|---|---|
| PX. 26 | Photographs of working spaces of Brigitte Brown and Kenneth Cole with their co-workers after the move, room 407. (B-0041 – B-0043) | | |
| PX. 27 | Photographs of working spaces of UBC and ETS Program members (B-0044 – B-0045, B-0047 – B-0053) | | |
| PX. 28 | Staff meeting minutes dated September 5, 2002 (DEF 000315 – DEF 000317) | | |
| PX. 29 | Email to Connie Winner from Brigitte Brown re: East Building Youth Program Move dated October 7, 2002. (DEF 000351 – DEF 000351) | | |
| PX. 30 | Delaware Technical Community College Applicant and Community Support. (B-0059) | | |
| PX. 31 | Memorandum to Connie Winner from Brigitte Brown re: Youth Program Move dated October 15, 2002. (B-0060) | | |

23

| PX. 32 | Plans for 4th floor offices. (B-0061 – B-0064) | Relevance. F.R.E. 402. The plans for the 4th floor offices as depicted in this exhibit are misleading as they are not drawn to scale. Because they are misleading, they are not relevant. | In accordance with F.R.E. 402, all relevant evidence is admissible. The plans for 4th floor offices as depicted in B-0031-B-0064 are relevant to the issue of Plaintiff's move to Room 408 |
|---|---|---|---|
| PX. 33 | Program Manager's Meeting Minutes dated August 5, 2002. (DEF 000288 – DEF 000290) | | |
| PX. 34 | Corporate and Community Programs Division Stanton/Wilmington August 2002 Update. (B-0068) | | |
| PX. 35 | Section IV (As amended May 1, 1992) Promotion and Transfer Policy. (B-0069) | | |
| PX. 36 | Section III (As amended November 17, 1998) Employment Procedures and Terms of Employment. (B-0070 – 0071) | | |
| PX. 37 | Memorandum to Kenneth Cole from Susan Zawislak re: Grievance (W03-102) dated September 25, 2002. (DEF 000348) | | |
| PX. 38 | Memorandum to Lawrence Miller from Jacqueline Jenkins re: Paul Morris dated October 22, 2002. (DEF 000990) | | |

| PX. 39 | Memorandum to Jackie Jenkins from Lawrence Miller re: Rescission of the Reclassification of Paul Morris dated October 29, 2002. (B-0074) | | |
|--------|-------------------------------------------------------------------------------------------------------------------------------------------|---|---|
| PX. 40 | Letter to Lori Brewington from Dr. Tamara Walker-Gladney Ph.D. re: Brigitte Brown's treatment dated March 7, 2006. (B-0075) | Hearsay- F.R.E. 802. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 41 | Letter to Lori Brewington from Dr. Oluseyi Senu-Oke re: Brigitte Brown's treatment dated March 6, 2006. (B-0076) | Hearsay- F.R.E. 802. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 44 | Grievance Form re: Paul Morris being reclassified. (DEF 000319) | | |
| PX. 45 | Memorandum to CCP Staff from Susan Zawislak re: CCP August Update Revision dated September 9, 2002. (DEF 000329) | | |
| PX. 46 | Upward Bound Math and Science Center Program Years 2000-2005, October 2, 1998 cover. (DEF 000018) | | |

25

| | | | |
|---|---|---|---|
| PX. 47 | Memorandum to Brigitte Brown and Kenneth Cole from Connie Winner re: East Building Youth Program Move 10/8/02 dated October 7, 2002. (DEF 000352) | | |
| PX. 48 | Wilmington Fire Department Fire Marshal's Office Complaint Report dated October 10, 2002. (B-0086) | | |
| PX. 49 | Letter to Ms. Henderson dated February 3, 2004. (B-0087) | | |
| PX. 50 | Memorandum to Jacqueline Jenkins from Susan Zawislak re: Upward Bound Math Science dated December 12, 2002. (B-0088) | | |
| PX. 51 | Memorandum to Jacqueline Jenkins from Susan Zawislak re: Brigitte Brown dated December 4, 2002. (B-0089) | | |
| PX. 52 | Memorandum to Susan Zawislak from Lawrence Miller re: Upward Bound Math/Science Employees dated October 17, 2002. (B-0090) | | |

2.    **The following exhibits were offered by plaintiff and marked for identification.**

**Defendant(s) objected to their receipt in evidence on the grounds stated:**

| PX. 13 | Doctor John E. Hocutt, Jr's statement re: Kenneth Cole re: November 25, 2002 doctor's visit. (B-0017) | Hearsay- F.R.E. 802. Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
|---|---|---|---|
| PX. 17 | Doctor John E. Hocutt, Jr's statement re: Kenneth Cole re: November 25, 2002 doctor's visit. Signed by Dr. (B-0023) | Hearsay- F.R.E. 802. Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 18 | Doctor John E. Hocutt, Jr's doctor's note dated December 16, 2002. (B-0024) | Hearsay- F.R.E. 802. Further objection on grounds this document purports to be an expert report but Rule 26(a)(2) is not satisfied. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 32 | Plans for 4th floor offices. (B-0061 – B-0064) | Relevance. F.R.E. 402. The plans for the 4th floor offices as depicted in this exhibit are misleading as they are not drawn to scale. Because they are misleading, they are not relevant. | In accordance with F.R.E 402, all relevant evidence is admissible. The plans for 4th floor offices as depicted in B-0031-B-0064 are relevant to the issue of Plaintiff's move to Room 408 |

| | | | |
|---|---|---|---|
| PX. 40 | Letter to Lori Brewington from Dr. Tamara Walker-Gladney Ph.D. re: Brigitte Brown's treatment dated March 7, 2006. (B-0075) | Hearsay- F.R.E. 802. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |
| PX. 41 | Letter to Lori Brewington from Dr. Oluseyi Senu-Oke re: Brigitte Brown's treatment dated March 6, 2006. (B-0076) | Hearsay- F.R.E. 802. | F.R.E. 803 (6) F.R.E. 803 (4) F.R.E. 803 (5) |

**3.     The following exhibits were offered by defendant(s), received in evidence and marked as indicated:**

| Defendant's Exhibit Number | Description | Plaintiff's Basis for Objection | Defendant's Response to Objection |
|---|---|---|---|
| DX. 1 | Cole's Complaint | | |
| DX. 2 | Brown's Complaint | | |
| DX. 3 | Cole grievance, dated 9/5/02. DEF 000318-321 | | |
| DX. 4 | September 9, 2002 memo from Zawiskak. DEF 000329 | | |
| DX. 5 | September 25 memo from Zawislak. DEF 000348 | | |
| DX. 6 | Program years 2000-2005 memo, dated October 2, 1998. DEF 000018-019 | | |
| DX. 7 | Cole data sheet. DEF 000130-131 | | |
| DX. 8 | Standard meeting notes. DEF 000305-307 | | |

| DX. 9 | Fund year reports and operational plan. DEF 000001-9 | | |
|---|---|---|---|
| DX. 10 | Meeting minutes from August 5, 2002.  DEF 000288-290 | | |
| DX. 11 | Email from Cole dated August 14, 2002.  DEF 000292 | | |
| DX. 12 | Email from Zawislak dated August 23, 2002. DEF 000293 | | |
| DX. 13 | Email from Henderson dated August 28, 2002. DEF 000297 | | |
| DX. 14 | Meeting minutes dated August 29, 2002. DEF 000300-301 | | |
| DX. 15 | Email from Brown dated August 30, 2002.  DEF 000303 | | |
| DX. 16 | Meeting minutes from September 4, 2002 meeting.  DEF 000311-314 | | |
| DX. 17 | Meeting minutes from September 5, 2002 meeting.  DEF 000315-317 | | |
| DX. 18 | Email from Del Negro dated September 12, 2002. DEF 000342 | | |
| DX. 19 | Email from Brown dated October 7, 2002.  Brown/Cole 143-144 | | |
| DX. 20 | October 7, 2002 memo from Winner. DEF 000352 | | |
| DX. 21 | October 8, 2002 memo from Cole. DEF 000353 | | |

| | | | |
|---|---|---|---|
| DX. 22 | October 8, 2002 memo from Miller. DEF 000354 | | |
| DX. 23 | October 11, 2002 email from Zawislak. DEF 000355 | | |
| DX. 24 | Fire Marshall's report dated October 10, 2002. DEF 000356 | | |
| DX. 25 | February 3, 2004 letter to Henderson. DEF 000414-417 | | |
| DX. 26 | Meeting minutes from December 13, 2002 meeting. Brown/Cole 60-62 | | |
| DX. 27 | Letter from Del Negro to Henderson. DEF 001192-001194 | | |
| DX. 28 | Memo from Zawislak dated December 12, 2002. DEF 000402-403 | | |
| DX. 29 | Memo from Zawislak dated October 22, 2002. DEF 000398-399 | | |
| DX. 30 | Memo from Zawislak dated December 4, 2004. DEF 000401 | | |
| DX. 31 | Memo from Zawislak dated October 30, 2002. DEF 000400 | | |
| DX. 32 | Memo from Cole dated December 4, 2002. DEF 000107-108 | | |
| DX. 33 | Brown Employment Application. DEF 000483-487 | | |
| DX. 34 | Staff Vacancy Announcement (March Dates). DEF 000480 | | |

| | | | |
|---|---|---|---|
| DX. 35 | Letter from Fenimore dated April 26, 2004. DEF 000482 | | |
| DX. 36 | Chronology of Program Manager (First Posting). DEF 000478 | | |
| DX. 37 | Staff Vacancy Announcement (June Dates). DEF 000706 | | |
| DX. 38 | Letter from Fenimore dated July 26, 2004. DEF 000852 | | |
| DX. 39 | Chronology of Program Manager (Second Posting). DEF 000853 | | |
| DX. 40 | Memo from Lawrence Miller dated October 17, 2002. DEF 000396-397 | | |
| DX. 41 | E-mail from Henderson dated September 19, 2002. DEF 000346 | | |
| DX. 42 | Letter from Jacqueline Jenkins dated December 13, 2002. DEF 000384-386 | | |
| DX. 43 | Memo from Kenneth Cole dated December 4, 2002. DEF 000378-379 | | |
| DX. 44 | Organizational documents and charts. DEF 000010-17 | | |
| DX. 45 | Office Moves chart. DEF 000025 | | |
| DX. 46 | Memo to Zawislak. DEF 000026-27 | | |

31

| | | | |
|---|---|---|---|
| DX. 47 | The College Personnel Policy Manual, available at http://www.dtcc.edu /hr/pages/ppm.html | | |
| DX. 48 | UBMS Staff Time Commitments.  DEF 000041 | | |
| DX. 49 | Performance evaluation materials and employee input forms produced in this litigation. (e.g. DEF 000063-73; DEF 000094-96; DEF 000095-000105; DEF 000209-228) | | |
| DX. 50 | Time sheets produced in this litigation | | |
| DX. 51 | December 13, 2002 letter to Cole. DEF 000091-93 | | |
| DX. 52 | Letter from Cole to Jenkins dated December 4, 2002. DEF 000107-108 | | |
| DX. 53 | December 4, 2002 email from Jenkins to Cole. DEF 000110 | | |
| DX. 54 | December 6, 2002 email from Cole to Jenkins.  DEF 000111 | | |
| DX. 55 | November 27, 2002 memo from Jenkins to Cole.  DEF 000133 | | |
| DX. 56 | May 25, 2005 letter to Brown.  DEF 000152-153 | | |
| DX. 57 | May 16, 2005 letter to Brown.  DEF 000168 | | |

32

| DX. 58 | November 4, 2002 memo from Zawislak. DEF 000176 | | |
|---|---|---|---|
| DX. 59 | October 30, 2002 memo from Miller. DEF 000177 | | |
| DX. 60 | Memo to Zawislak. DEF 000248-255 | | |
| DX. 61 | Program documentation. DEF 000256-260 | | |
| DX. 62 | February 9, 2001 memo to Miller. DEF 000263 | | |
| DX. 63 | Timesheets and calendars. DEF 000274-281 | | |
| DX. 64 | Email dated August 28, 2002 from Henderson. DEF 000298-299 | | |
| DX. 65 | Handwritten notes of Stanard. DEF 000308-000310 | | |
| DX. 66 | Meeting minutes of September 12, 2002. DEF 000343-344 | | |
| DX. 67 | Email dated October 7, 2002 from Brown. DEF 000350-351 | | |
| DX. 68 | Memo from Miller dated October 17, 2002. DEF 000357-358 | | |
| DX. 69 | Memo from Zawislak dated October 22, 2002. DEF 00359-360 | | |
| DX. 70 | Memo from Zawislak dated October 22, 2002. DEF 000361-362 | | |
| DX. 71 | Memo to Cole dated October 28, 2002. DEF 000363-364 | | |

| | | | |
|---|---|---|---|
| DX. 72 | Memo from Miller dated October 30, 2002.  DEF 000365 | | |
| DX. 73 | Memo to Henderson dated November 1, 2002.  DEF 00368 | | |
| DX. 74 | Handwritten notes dated November 4, 2002.  DEF 000369-370 | | |
| DX. 75 | Memo from Henderson dated November 13, 2002. DEF 000371-372 | | |
| DX. 76 | Timesheet analysis dated November 15, 2002.  DEF 000373 | | |
| DX. 77 | Memo to Henderson dated November 15, 2002.  DEF 000374 | | |
| DX. 78 | Memo to Zawislak dated November 21, 2002.  DEF 000375 | | |
| DX. 79 | Memo to Cole dated November 27, 2002. DEF 000376 | | |
| DX. 80 | Email to Cole dated December 4, 2002. DEF 000381 | | |
| DX. 81 | Email to Jenkins dated December 6, 2002.  DEF 000382-383 | | |
| DX. 82 | Memo from Zawislak dated November 13, 2002. DEF 000390-391 | | |
| DX. 83 | Memo to Henderson dated January 6, 2003.  DEF 000404 | | |
| DX. 84 | Memo from Henderson dated January 8, 2003. DEF 000405 | | |
| DX. 85 | Memo from Miller dated August 8, 2003.  DEF 000406 | | |

| | | | |
|---|---|---|---|
| DX. 86 | Documents concerning Brown's application for the UBMS Program Manager position. DEF 000422-443 | | |
| DX. 87 | Documents concerning Brown and other employees' applications for the UBMS Program Manager position DEF 000478-000974 | | |
| DX. 88 | Paul Morris' personnel file. DEF 000978-001020 | | |
| DX. 89 | Memo from Morris dated September 6, 2002. DEF 001021-1023 | | |
| DX. 90 | Email from Henderson dated September 12, 2002. DEF 001056 | | |
| DX. 91 | Documents concerning timesheets and calendars. DEF 001057-1094 | | |
| DX. 92 | Email from Del Negro dated November 25, 2002. DEF 001100 | | |
| DX. 93 | Email from Henderson dated November 26, 2002. DEF 001101 | | |
| DX. 94 | Documents concerning Cole's physician statement. DEF 001102-001110 | | |
| DX. 95 | Email from Brown dated September 30, 2002. DEF 001121 | | |

35

| DX. 96 | Memo to Brown dated May 18, 2004. DEF 001122 | | |
|---|---|---|---|
| DX. 97 | Performance appraisal. DEF 001126-001133 | | |
| DX. 98 | Timesheets, calendars and leave requests. DEF 001134-001139 | | |
| DX. 99 | Memo to Brown dated November 4, 2002. DEF 001140 | | |
| DX. 100 | Email and hand written notes written thereon dated September 10, 2004. DEF 001154 | | |
| DX. 101 | Email dated May 27, 2004 from Zawislak. DEF 001157 | | |
| DX. 102 | Email from Brown dated June 4, 2002. DEF 001161 | | |
| DX. 103 | Letter to Brown dated May 16, 2005. DEF001164 | | |
| DX. 104 | Reprimand dated June 3, 2003. DEF 001192-1194 | | |
| DX. 105 | Summary of meeting dated March 28, 2003. DEF 001195-1198 | | |
| DX. 106 | Email from Henderson dated March 13, 2003. Brown/Cole 0001 | | |
| DX. 107 | Logs created by Cole. Brown/Cole 074-092. | | |
| DX. 108 | Brown resume. Brown/Cole 093-094 | | |
| DX. 109 | McCloskey resume. Brown/Cole 095-096 | | |

1602550/2

| | | | |
|---|---|---|---|
| DX. 110 | Memo from Brown received on September 3, 2002. Brown/Cole 137 | | |
| DX. 111 | Memo from Zawislak dated September 13, 2002. Brown/Cole 138 | | |
| DX. 112 | Memo from Winner dated October 7, 2002. Brown/Cole 145 | | |
| DX. 113 | Memo from Brown dated October 15, 2002. Brown/Cole 146 | | |
| DX. 114 | Calendars and related materials. Brown/Cole 152-160 | | |
| DX. 115 | Charges of discrimination filed by Plaintiffs | | |

Defendant reserves the right to introduce into evidence in its case any exhibit listed by Plaintiff. Additional exhibits not listed above may be offered for rebuttal purposes with the Court's permission. Defendant reserves the right to use blow-ups for any demonstrative exhibit admitted into evidence by the Court. Defendant reserves the right to lodge with the Court the Plaintiffs' deposition transcripts (and exhibits thereto) and Plaintiffs' written discovery responses.

**4.    The following exhibits were offered by defendant(s) and marked for identification.**

**Plaintiff(s) objected to their receipt in evidence on the grounds stated:**

> None.