**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KENNETH COLE and ,** | : | |
| **BRIDGETTE BROWN** | : | |
| **Plaintiffs,** | : | **C.A. No. 05-270(KAS)** |
| | : | **(Consolidated)** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **DELAWARE TECHNICAL** | : | |
| **AND COMMUNITY COLLEGE** | : | |
| **Defendant.** | : | |

**JOINT PROPOSED JURY CHARGES AND OBJECTIONS**[1]

---

[1] Objections, where applicable, are noted in bold typeface.

## <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, Delaware Technical and Community College is liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept that despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**PERSONS AND ORGANIZATIONS EQUAL BEFORE THE LAW**

All persons and organizations are equal before the law.  In deciding this case, you must consider both Plaintiffs and the College to be of equal standing in the community. A corporation such as the College is entitled to the same fair trial at your hands as private individuals.  All persons, including corporations stand equal before the law and are to be dealt with as equals in a court of justice.  This means that you should not favor the Plaintiffs over the College simply because they are individuals and the College is a corporation.  Likewise, you should not favor the College over the Plaintiffs simply because it is a corporation.  Rather, the status of the Plaintiffs and the College as individuals or corporation should not affect your decision in any way.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence both direct and circumstantial, and give it whatever weight you believe it deserves.

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably lead to a conclusion, you are free to reach that conclusion.

### STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

-8-

This instruction applies to all witnesses.

## EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded and/or videotaped answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

-9-

## PRIOR SWORN STATEMENTS

If you find that a witness made an earlier sworn statement that conflicts with the witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

-10-

## NOT REQUIRED TO PUT IN ALL EVIDENCE

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiffs Kenneth Cole and Bridgette Brown have the burden of proving their claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of

who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not Plaintiffs have met their burden of proof on various issues.

## VERDICT BASED ON EVIDENCE

I instruct you that your verdict must be based solely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence. Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision. The court does not charge you not to sympathize with persons involved in litigation. But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

## FACT THAT DEFENDANT IS SUED

I should also remind you that simply because a defendant is sued does not mean that the defendant is liable. Anyone can file a lawsuit. The fact that the Plaintiffs filed this lawsuit against the College does not, by itself, mean the College has done anything the law prohibits.

-12-

That is for you to decide on the basis of the evidence.

## TITLE VII: INTRODUCTORY INSTRUCTION

In this case Plaintiffs have made a claim under the Federal Civil Rights statute that prohibits discrimination against an employee because of the person's race.

Plaintiffs allege that Defendant discriminated against them on the basis of race by requiring them to move from individual offices into a single shared office space.  According to Plaintiffs, the new office did not provide enough privacy for UBMS' employees to have confidential communication with students, because there were no partitions between their desks.  Also, Plaintiffs contend that the size and conditions of the office severely impeded their ability to work (i.e. lack of space for file storage, blown circuit breakers, employees tripping over cords, inadequate temperature control), while other similarly situated white employees had their own offices or shared office that allowed for confidentiality, adequate space, and safety conditions.

In addition, Cole alleges that the promotion of Paul Morris, a Caucasian, to Special Programs Director constituted racial discrimination because the Defendant did not afford an equal opportunity for others, including Cole, to obtain the position.

Plaintiffs also allege that the college retaliated against them because they filed charges of racial  discrimination against the school.  Plaintiffs contend that shortly after the filing of the

grievance about the office reassignment, the college changed Cole's working hours, denied Cole's request for reduced hours based on his doctor's recommendation, and imposed more stringent reporting requirements on Plaintiffs. There is evidence which demonstrates that, for the first three years of his employment, the college did not prevent him from working outside his normal hours and did not require him to provide extensive documentation for medical excuses. Similarly, during the entire time that Plaintiffs worked at the college, Plaintiffs worked under a 30-day scheduling time frame for school visits and under blanket travel requests. However, in the months immediately following Cole's first grievance, the college, for the first time, added restrictions to Cole's working hours and Plaintiffs' reporting procedures.

Further, in 2004, the college denied, on two separate occasions, Brown's application to become the UBMS Program Manager. Instead, the college hired Andrea Coleman who had no UBMS experience, over Brown, who had worked in UBMS for over three years. Additionally, the college had previously denied Coleman's application to be the Program Manager in her own department, but she was selected over Brown to be the UBMS Program Manager.

I will now instruct you more fully on the issues you must address in this case.

(Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.0; West Thompson, 2006 ed.)

The College objects to this instruction on the grounds that the instruction assumes as a matter of fact that Paul Morris was promoted.

Plaintiffs believe this an appropriate charge.

The College also requests the following charge (to which Plaintiffs object) be considered and substituted by the Court:

## THE PARTIES AND THEIR CONTENTIONS

Plaintiff Brigitte Brown and Plaintiff Kenneth Cole, whom I shall refer to together as the "Plaintiffs" each filed a complaint in the United States District Court for the District of Delaware alleging racial discrimination, retaliation, and failure to promote against Defendant Delaware Technical and Community College. Plaintiffs' allegations of racial discrimination are based on the College's decision to move Plaintiffs to an allegedly inadequate work space, the College's alleged failure to afford Cole the opportunity to apply for the Special Programs Director at the College, and the College's alleged failure to promote Brown to UBMS Program Manager on two occasions. Further, Plaintiffs allege the College retaliated against them for engaging in a protected activity.

The College denies it discriminated against the Plaintiffs on the basis of their race and denies it retaliated against the Plaintiffs. Since the Plaintiffs allege discrimination and retaliation

-15-

caused them not to be promoted, the College also denies it improperly failed to promote the Plaintiffs.  The College further contends it acted lawfully, and contends there were legitimate and non-discriminatory reasons for the office relocation, not promoting Cole to Special Programs Director, not promoting Brown to UBMS Program Manager, requiring the Plaintiffs to adhere to College policy, scrutinizing the Plaintiffs' department, and switching the Plaintiffs' work hours.

## <u>TITLE VII  (DISPARATE TREATMENT – PRETEXT-RETALIATION): ESSENTIAL</u>
## <u>ELEMENTS</u>

**Plaintiffs request the following instruction (to which Defendants object):**

In this case, Plaintiffs are alleging both disparate treatment and failure to promote because of their race, African-American, and due to retaliation.  In order for Plaintiffs to recover on these discrimination and retaliation claims against the Defendant, Plaintiffs must prove that the Defendant intentionally discriminated against them.  This means that Plaintiffs  must prove that their race was a determinative factor in the Defendant's conduct, both in their transfer to smaller office space, and the failure to promote Mr. Cole and Ms. Brown.

To prevail on their discrimination claim as it relates to the office transfer, Plaintiffs must prove the following by a preponderance of the evidence:

First: Plaintiffs were in a protected class; and

Second: That they were treated differently from other non-African Americans in the making of their employment arrangements and office assignment.

In addition, on the non-promotion claims of Mr. Cole and Ms. Brown, Plaintiffs must prove:

(1)      Defendant's failure to promote them; and

(2)      That their race was the determinative factor in that failure to promote decision.

Finally, on the retaliation claim, Plaintiffs must prove that they engaged in activities protected by the law, here reporting what they believed was improper race discrimination, and that Defendant retaliated against them by taking adverse action against them due to the engaging in the protected activity.

Although Plaintiffs must prove that the Defendant acted with the intent to discriminate,

-17-

Plaintiffs are not required to prove that the Defendant acted with the particular intent to violate Plaintiffs' federal civil rights.  Moreover, Plaintiffs are not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for their decisions relating to the office transfer, the failure to promote, and the actions for which retaliation is claimed.   If you disbelieve Defendant's explanations for its conduct, then you may, but need not, find that Plaintiffs have proved intentional discrimination.  In determining whether the Defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question the Defendant's business judgment.  You cannot find intentional discrimination simply because you disagree with the business judgment of the Defendant or believe it is harsh or unreasonable.  You are not to consider the Defendant's  wisdom.   However, you may consider whether the Defendant's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Plaintiffs have proven that their race was a determinative factor in the actions now challenged in this case. "Determinative factor" means that if not for Plaintiffs' race, the decisions of Defendant would not have occurred.

**(Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.1.2; West Thompson, 2006 ed.)**

**The College objects to this charge and proposes that the following charges be used instead (to which Plaintiffs object):**

## TITLE VII  (DISPARATE TREATMENT - PRETEXT): ESSENTIAL ELEMENTS

In this case, Plaintiffs are alleging both disparate treatment and failure to promote because of their race, African-American.   In order for Plaintiffs to recover on these discrimination and retaliation claims against the College, Plaintiffs must prove that the College intentionally discriminated against them.  This means that Plaintiffs must prove that their race was a determinative factor in the College's conduct, both in their transfer to smaller office space, and the failure to promote Cole, the failure to promote Brown, and the alleged micro-management of Plaintiffs, and insisting the Plaintiffs follow College policies and procedures.

To prevail on the office relocation claim, Plaintiffs must prove the following by a preponderance of the evidence:

First: Plaintiffs were in a protected class; and

Second: That the office relocation was an adverse employment action; and

Third: That race was a determinative factor in the College's decision.

In addition, on the non-promotion claim of Mr. Cole, Plaintiff must prove that:

(1)     The College's failure to assign Cole the additional duties assigned to Paul Morris;

(2)     That Cole was qualified to perform the duties assigned to Paul Morris;

(3)     The College had reason to know Cole wanted the additional duties assigned to Paul Morris; and

(4)     That Cole's race was the determinative factor in the failure to promote decision.

On the non-promotion claim of Brown, she must prove:

(1)     Brown applied for the Program Manager Position;

(2)     Brown was qualified to perform the duties of this Position; and

-20-

(3)     That race was the determinative factor in the decision not to promote Brown.

Although Plaintiffs must prove that the Defendant acted with the intent to discriminate, Plaintiffs are not required to prove that the Defendant acted with the particular intent to violate Plaintiffs' federal civil rights.  Moreover, Plaintiffs are not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

The College has given a nondiscriminatory reason for their decisions relating to the office transfer, and the failure to assign additional duties or to promote.   If you disbelieve College's explanations for its conduct, then you may, but need not, find that Plaintiffs have proved intentional discrimination.  In determining whether the College's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question the College's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of the College or believe it is harsh or unreasonable.  You are not to consider the College's wisdom.  However, you may consider whether the College's reason is merely a cover-up for discrimination.

    Ultimately, you must decide whether Plaintiffs have proven that their race was a determinative factor in the actions now challenged in this case. "Determinative factor" means that if not for Plaintiffs' race, the decisions of College would not have occurred.

**(Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.1.2; West Thompson, 2006 ed.)**

## ELEMENTS OF A SECTION 1981 CLAIM – RETALIATION

Plaintiffs claim the College discriminated against them because of Plaintiffs' protected activity, including complaints of unfair treatment when the office was relocated, and Cole's filing of a grievance on September 5, 2002, and Brown's November 8, 2002 charge of discrimination.

To prevail on this claim, Plaintiffs must prove all of the following by a preponderance of the evidence:

First:  Plaintiffs must prove the complaint the office relocation was unfair was protected activity.

Second:  Plaintiffs were subjected to an adverse employment action at the time, or after, the protected conduct took place.

Third:   There was a causal connection between the tangible employment action and Plaintiff's activity.

Concerning the first element, Plaintiffs need not prove the merits of their protected activity, but only that they were acting under a good faith belief that their right to be free from racial discrimination was violated.

Concerning the second element, an adverse employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, a decision cause significant change in benefits, or alteration of the terms and conditions of employment.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through

timing, that is the College's action followed shortly after the College became aware of Plaintiffs' protected activity.  Causation is, however, not necessarily ruled out by a more extended passage of time.  Causation may or may not be proven by antagonism shown toward Plaintiffs or a change in demeanor toward Plaintiffs.

Ultimately, you must decide whether Plaintiffs' protected activity had a determinative effect on the  College's employment decisions.  "Determinative effect" means that if not for Plaintiffs' protected activity, the adverse employment action would not have occurred.

**(Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.1.6.  See also the October 6, 2006 Memorandum Opinion in this case)**

**Plaintiffs object to these charges and respectfully request that their charge be used.**

## COMPENSATORY DAMAGES, LOST WAGES

Another element of compensatory damages which you may consider is the lost wages suffered by a Plaintiff as a result of any wrongful actions, you have found to have been committed by the Defendants.

If you find that the Defendant is liable for Plaintiffs' claims, you should include in your award a sum of money sufficient to compensate Plaintiffs for any loss of earnings which he or she may have sustained in the past.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Plaintiff(s) has obtained from other employment during this period.

You are further instructed that Plaintiffs have a duty to mitigate any such damages – that is Plaintiffs are required to make reasonable efforts under the circumstances to reduce their damages.  It is the College's burden to prove that Plaintiff(s) have failed to mitigate.  So if the College persuades you, by a preponderance of the evidence, that Plaintiff(s) failed to obtain substantially equivalent job opportunities that were reasonably available, you must reduce any award of damages by the amount of the wages that Plaintiff(s) reasonably would have earned if they had obtained such opportunities.

**(Adopted from the Third Circuit Model Civil Jury Instructions; Model 6.4.3; West Thompson, 2006 ed.)**

## DAMAGES FOR MENTAL SUFFERING

Probably the most difficult element of damages to assess is mental suffering. You are instructed that there is no set standard or yardstick to measure the monetary value of mental suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate a Plaintiff for the mental suffering you find he has experienced in the past and that which you find he will experience in the future.

While Plaintiffs carry the burden of proving his damages by a preponderance of the evidence, they are neither required nor permitted to claim and prove with mathematical precision exact sums of money representing damages for pain and suffering. It is required only that a Plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating mental suffering, you should look to the evidence and consider the length of time of suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate a Plaintiff.

## **COMPENSATORY DAMAGES, LOST WAGES**

Another element of compensatory damages which you may consider is the lost wages suffered by a Plaintiff as a result of any wrongful actions, you have found to have been committed by the Defendants.

If you find that the Defendant is liable for Plaintiffs' claims, you should include in your award a sum of money sufficient to compensate Plaintiffs for any loss of earnings which he or she may have sustained in the past.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

-27-

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.   Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror number 1.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in favor of either party.  You must decide the case yourselves based on the evidence presented.