IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH COLE, <br> BRIGITTE BROWN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 05-270 (KAJ) |
| DELAWARE TECHNICAL AND <br> COMMUNITY COLLEGE, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

### PLAINTIFF BRIGITTE BROWN'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF, BRIGITTE BROWN

Answering Plaintiff, Brigitte Brown, by and through her undersigned counsel, hereby propounds the following Answers to Defendant's First Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 33 in accordance with the following definitions and instructions.

A.  **Definitions**

1.  "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, E-mail, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeper entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records, and recordings of oral conversations, work papers, and also including but not limited to, originals



and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts.

2. The term "communication" means the transmission of any information, in any form, including but not limited to orally, in writing, by conduct, by gesture, by electronic or computerized transmission, whether communicated intentionally and/or knowingly or not, and specifically includes but is not limited to all conversations, meetings, telephone calls, tape recordings of telephone calls, facsimiles, letters, emails and writings of any kind.

3. A request that you "describe in detail" or identify "the factual basis" of a matter means that you must describe that matter fully, by reference to underlying specific facts and specific times, places, people and actions.

4. The term "identify" when used with reference to an individual person, business or other entity shall mean to state its full name (or if not known, provide sufficient description so that the person, business or other entity will be identifiable to the recipients of your answer), business affiliation, and last known business or home address and phone number.

5. The term "identify" when used with reference to a document or written communication shall mean to state the type of document or communication (e.g. memorandum, employment application, letter, handwritten notes, etc.) to state its date, to briefly describe it content, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent.

6. The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the

participants in each such communication, discussion, conversation, meeting, conference, or statement.

**B.    Instructions**

1.   In answering the interrogatories, you must furnish all information that is available to you, including information in the possession of your attorneys, healthcare providers and/or any other person or entity subject to your direction or control. If, after exercising due diligence, you cannot answer an interrogatory in full, state that fact and answer to the extent possible.

2.   If you need additional space to respond to any interrogatory, you may attach additional pages as necessary, provided however that you must clearly identify the particular interrogatory to which the additional pages respond.

3.   If you claim any form of privilege or other protection from disclosure as a ground for withholding responsive information, set forth each and every fact or basis on which you claim a privilege with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

4.   The interrogatories are continuing in nature and you have an affirmative obligation to promptly supplement your responses as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you, and in all events prior to trial of this action.

**C.    Interrogatories**

1.   Identify each person from whom you have obtained or will obtain a written statement concerning the facts of this case and identify each such written statement.

**ANSWER:**

No statements have been procured.

2.  Identify each and every communication made between you and any agent or employee of the College concerning your allegations of racial discrimination and retaliation. For each such communication, identify the following: (a) the date, time, place and manner in which the communication was made; (b) whether such communication was in writing; (c) the person or persons to whom or from whom the communication was made; (d) any other persons who would have witnessed the communication in whole or in part; and (e) the substance of any conversation during which the communication occurred, including your best recollection of each statement made and each response thereto.

**ANSWER:**

a) Email dated April 12, 2002 from Rose Henderson to Brigitte Brown responding to Brigitte's email titled if you need me

b) Email dated April 15, 2002 from Ann Del Negro to Brigitte Brown and Rose Henderson regarding the MEAEOPP Achiever Awards

c) Letter dated May 16, 2002 from Alina Columbus to Brigitte Brown thanking her for her participation in the "Making Wise Education Decisions for Our Children's Future" program

d) Email dated June 4, 2002 from Paul Morris regarding Office Protocol.

e) Letter dated July 10, 2002 from Mariko Tapper-Taylor to Brigitte Brown regarding her speaking at the Delaware State University's Classic Upward Bound Program's Annual Banquet

f)  Letter dated August 14, 2002 from Brigitte Brown, Kenneth Cole, and Elizabeth Wilson, to Susan Zawislak and Ann Del Negro requesting meeting

g)  Email dated August 30, 2002 from Brigitte Brown to Susan Zawislak requesting meeting with Susan Zawislak and her staff

h)  Memorandum from Brigitte Brown to Lawrence Miller requesting work hour changes

i)  Email dated September 3, 2002 from Ann Del Negro to Rose Henderson requesting an explanation of the number of children Ms. Brown serviced

j)  Email dated September 5, 2002 from Rose Henderson to Ann Del Negro explaining the services Ms. Brown delivered to the students

k)  Memorandum dated September 9, 2002 from Susan Zawislak to CCP Staff revising the CCP August Update

l)  Memorandum dated September 13, 2002 from Susan Zawislak to Brigitte Brown informing her she cannot recommend the change in work hours to Mr. Miller

m)  Memorandum dated October 2, 2002 from Susan Zawislak to Rosetta Henderson regarding School Visits for Student Enrichment Coordinators Brigitte Brown and Kenneth Cole

n)  Email dated October 7, 2002 from Brigitte Brown, Kenneth Cole and Elizabeth Wilson to Connie Winner informing her of East Building Youth Program Move, October 8, 2002

o)  Memorandum dated October 7, 2002 from Connie Winner to Brigitte Brown, Kenneth Cole and Elizabeth Wilson, regarding the East Building Youth Program Move, October 8, 2002

p)  Memorandum dated October 8, 2002 from Lawrence Miller to Brigitte Brown and Elizabeth Wilson regarding Performance Issues

q)  Email dated October 11, 2002 from Susan Zawislak to Rose Henderson regarding the Memorandum dated October 2, 2002

r)  Memorandum dated October 14, 2002 from Rosetta Henderson to Susan Zawislak regarding the SEC's Monthly Calendars

s)  Memorandum dated October 15, 2002 from Brigitte Brown to Lawrence Miller after review of Ken Cole's grievance, and a supplement to the grievance

t) Memorandum dated October 15, 2002 from Brigitte Brown to Connie Winner regarding the Youth Program Move

u) Email dated May 22, 2003 from Brigitte Brown to Susan Zawislak regarding Ms. Brown's Whitehouse trip

v) Letter dated April 26, 2004 from Tammy L. Fenimore to Brigitte Brown informing Ms. Brown she was not selected for an interview for the UBMS Manager position

w) Email dated April 28, 2004 from Brigitte Brown to Jacquita Wright regarding the Programs Manager position

x) Email dated April 28, 2004 from Jacquita Wright to Brigitte Brown regarding the Programs Manager position

y) Email dated May 11, 2004 from Brigitte Brown to Jacquita Wright requesting reasons she was not given an interview for the UBMS Program Manager position

z) Email dated May 11, 2004 from Brigitte Brown to Jacquita Wright confirming Ms. Wright's telephone call to Brown regarding not receiving and interview for the UBMS Manager position.

aa) Email dated May 12, 2004 from Jacquita Wright to Brigitte Brown confirming her understanding of their telephone conversation was correct

bb) Email dated May 13, 2004 from Brigitte Brown to Jacqueline Jenkins requesting the names of those on the screening committee for the UBMS Program Manager Interview selection.

cc) Email dated May 19, 2004 from Jacqueline Jenkins to Brigitte Brown informing Ms. Brown that she has answered her question via memorandum

dd) Memorandum dated May 18, 2004 from Jacqueline Jenkins to Brigitte Brown explaining the reason Ms. Brown was not selected for an interview for the UBMS Manager position

ee) Letter dated July 26, 2004 from Tammy L. Fenimore to Brigitte Brown informing Ms. Brown she was not selected for the regular full-time Program Manager position for the Corporate & Community Programs division.

ff) Email dated September 20, 2004 from Jacquita Wright-Henderson to Brigitte Brown regarding sick-leave requests

gg) Email dated February 3, 2005 from Jacquita Wright-Henderson to Brigitte Brown and Kenneth Cole telling them to go to Human Resources to obtain a grievance form

hh) Memorandum dated February 9, 2005 from Susan Zawislak to Brigitte Brown regarding the Grievance

ii) Memorandum dated February 21, 2005 from Susan Zawislak to Brigitte Brown regarding the Grievance

3. Identify each expert you have consulted regarding the facts of this case. For each expert, please: (a) state the substance of the opinion of the expert; (b) summarize the grounds for each such opinion; and (c) whether you have reason to believe that you will call the expert to testify at trial.

**ANSWER:**

No expert witnesses have been identified at this time. Answering Plaintiff reserves the right to retain experts and if such experts are retained to testify at trial, to the

extent this information does not violate the attorney client privilege, work product doctrine or any other privilege, the appropriate information will be provided as a supplement to these Answers to Interrogatories or during the discovery process.

4. State whether you contend that any admissions with respect to the subject matter of this action have been made by any agent or representative of the College, and if so: (a) identify the person who made each admission; (b) set forth the substance of each admission and state when it was made and whether it was oral or written; (c) identify all documents that constitute, refer or relate to each admission; and (d) identify each person to whom you have reason to believe may have information or knowledge concerning each admission.

ANSWER:

Upon information and belief, there have been no admissions made.

5. Describe in detail the types and amounts of all damages you are seeking in the Complaint, and set forth the calculation of damages that you are seeking in this case, and detail the manner in which you calculated such damages.

ANSWER:

Answering Plaintiff is unable to determine an exact amount of damages at this time. When Answering Plaintiff is in a better position to determine and/or approximate total damages for this matter, the information will be provided as a supplement to this Interrogatory.

6. Describe in detail any and all other claims including, but not limited to, lawsuits, Delaware Department of Labor charges, EEOC charges, and grievances against current or former employers for which you have alleged discrimination and for each claim state: (a) the name and address of the employer; (b) the name and address of the attorney representing the employer, if any; (c) the name and address of the attorney representing you, if any; (d) the company, organization, court, or agency to which the claim was filed and the file number or identification number; (e) the substance of the allegation; and (f) the resolution of the claim.

ANSWER:

**Objection:** **Answering Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to, or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Answering Plaintiff objects further, in that the interrogatory seeks information that does not pertain either specifically or generally to issues relevant to this litigation. To this extent, the Interrogatory is overly broad, unduly burdensome and seeks information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Without waiving said objection: None.**

7. Identify each person whom you know or believe has knowledge or information concerning any allegations in the Complaint, and for each such person, describe in detail the nature of his or her knowledge and information and state how you became aware of that person's knowledge.

ANSWER:

9

a) The parties to this lawsuit along with their employees and representatives.

b) Employees of Margolis Edelstein. The information possessed by these individuals is protected by attorney client privilege and/or work product doctrine.

c) By way of further answer: Kenneth Cole, Rosetta Henderson, Elizabeth Person (Wilson), Tonia Conley, Kate Sullivan, Susan Zawislak, Ann Del Negro, Paul Morris, Cara Standard, Connie Winner, Larry Miller, Jackie Jenkins, Orlando George, Jackie Wright Henderson, and Andrea Coleman (Collins).

Answering Plaintiff believes that the above-named individuals may have knowledge related to his specific allegations in this litigation or evidence in support of his claims.

8. Describe in detail any and all emotional, mental, and/or psychological injuries you encountered due to the conduct of Defendant as alleged in Paragraphs 85, 87, 92, and 96 of the Complaint.

ANSWER:

Answering Plaintiff suffered mental anguish, degradation, humiliation as well as stress, and nervousness. Plaintiff had trouble eating and sleeping and her hair started falling out. Plaintiff went to the doctor for the stress and was referred to a therapist.

9.  Identify all physicians, psychologists, psychiatrists or other health care providers from whom you have sought or received treatment because of the physical or emotional injuries Plaintiff alleges to have suffered because of the conduct of Defendant, and for each health care provider identified, describe in detail:

  (a). the dates upon which you began and ended treatment with the health care provider;

  (b). the medical care provided, including the name of any medication prescribed by the health care provider and the dates during which you took such medication and any surgical procedures or operations conducted on you by the health care provider; and

  (c). any physical therapy program prescribed or overseen by the health care provider; and

  (d). any work restrictions placed upon you by any health care provider and the dates those restriction were in effect.

**ANSWER:**

**a) Dr. Tamala Walker and Dr. Senu-Oke began Answering Plaintiff's treatment in October 2002 and treatment is ongoing.**

**b) Answering Plaintiff was put on anti-depressant medication in 2003. The name of the medication is in Plaintiff's medical records. Answering Plaintiff has had 2 biopsies and an examination of the thyroid glands.**

**c) None.**

**d) None.**

11

10. Identify all judicial and administrative civil actions to which you have been a party or testifying witness, and include all identifying numbers assigned by the agency or court, as well as a description of the nature of the action.

ANSWER:

<u>Objection:</u>    Answering Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to, or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Answering Plaintiff objects further in that the interrogatory seeks information that does not pertain either specifically or generally to issues relevant to this litigation. To this extent, the Interrogatory is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Without waiving said objection: None.


11. Identify and describe in detail each of the "complaints" referred to in Paragraph 90 of the Complaint.

ANSWER:

a) Plaintiff grieved the placement of Andrea Coleman (Collins) as Program Manager.

b) Plaintiff's work environment became hostile after she filed the grievance.

c) See documents provided. Plaintiff and her co-workers were moved into an office not big enough to comfortably house the staff.

12. Describe in detail each and every action taken by Defendant which you claim was motivated by an intent to discriminate on the basis of race.

ANSWER:

The move of four black employees out of their offices into a confined space different from the rooms two other program participants occupy. Plaintiff also feels the following promotions were discriminatory: the promotion of Paul Morris without posting; the acting position of Jacquita Wright Henderson; the promotion of Andrea Collins over UBMS and the lateral move of Rosanna Brown-Simmons over the UBMS program. Program calendars for on-site school visits were changed from 30 days to 90 days and requests for modified work schedules were denied.

13. Describe in detail each and every action taken by Defendant which you claim was motivated by an intent to retaliate.

ANSWER:

Answering Plaintiff's work hours were changed; she was harassed through email and there was a scrutiny of her work schedule.

14. Describe in detail each of the "promotions" and "transfer requests" referred to in Paragraph 90 of the Complaint.

ANSWER:

Answering Plaintiff was very qualified for the position of Program Manager. Refer to application, resume and documents provided, along with Answer to Interrogatory number 12. Angie McCloskie, a white female who became manager of Upward

Bound Classic in November 2003, referred to her resume in documents. The entire program was secluded and there was inadequate space which was humiliating.

15. Describe in detail the "employment opportunities" referred to in Paragraph 87 of the Complaint.

ANSWER:

Answering Plaintiff was qualified for the position of Program Manager and due to the ongoing retaliation; Answering Plaintiff was denied the promotional opportunity. This has resulted in the loss of additional pay and additional stress related symptoms; this ongoing retaliation has led Answering Plaintiff to resign which would eliminate future opportunities for advancement. For further detail please also refer to Answer to Interrogatory numbers 12 and 14 above.

16. Describe in detail the "numerous opportunities for career advancement" referred to in Paragraph 95 of the Complaint.

ANSWER:

By not granting the first interview for Program Manger, plaintiff was denied advancement opportunities. Plaintiff was granted an interview on the second posting after the defendant had received a letter form the Department of Labor. See documents provided.

17. Describe in detail each and every "request and application for promotion" referred to in Paragraph 95 of the Complaint.

14

**ANSWER:**

**Please see Answer to Interrogatory number 16 above.**

18. Beginning on January 1, 2001, and continuing until the present, describe in detail each and every attempt you made to find employment, seek a promotion, or pursue education, training, or other alternatives. For each such attempt:

    (a) identify the employer to whom you made application for employment and/or promotion, formally or informally;

    (b) set forth the specific date(s) such application was made (if you cannot remember the specific date(s), so state and set forth the approximate date(s));

    (c) describe in detail what you did initially to request employment and/or seek promotion from the employer;

    (d) describe in detail every subsequent step in the process that you took with regard to the employer, including but not limited to, any interviews you attended, any correspondence you wrote, and any tests or forms you filled out;

    (e) describe in detail the salary, wages, and the value of any and all benefits, including but not limited to medical insurance, life insurance, retirement plan benefits, and fringe benefits for profit sharing; and

    (f) identify each document which refers or relates to, or upon which you rely in support of, the answers to this Interrogatory.

**ANSWER:**

See Answer to Interrogatory number 14 above. By way of further answer:

a) <u>October 2001</u>: Certificate Program in Educational Technology

b) <u>January 2002</u>: Web Design and HTML language to help with website.

c) <u>August 2002</u>: Paul Morris' promotion- Special Program Manager- job was not posted.

d) <u>January 2003- November 2004</u>: Guiding our Youth Certificate Program

e) <u>March 2004</u>: Application for Program Manager UBMS; Jacquita Wright-Henderson hired as acting Program Manager for UBMS, I was not given an opportunity.

f) <u>July 2004</u>: Program Manager UBMS, see documents under position.

g) <u>January 2005</u>: Andrea Collins was transferred; this lateral move transfer option was not posted.

MARGOLIS EDELSTEIN

_____
Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 facsimile
jmartin@margolisedelstein.com
Attorney for Plaintiff Brigitte Brown

Dated:   October 31, 2005

## AFFIRMATION

I, Brigitte Brown, hereby affirm:

1. I am a Plaintiff named in the above-captioned civil action.

2. I have read the within and foregoing Responses to the Interrogatories served by Defendant Delaware Technical and Community College, and know the contents thereof.

3. The facts stated therein are true and accurate to the best of my knowledge and belief.

BRIGITTE BROWN

_____
Brigitte Brown, Plaintiff

Dated: October 31, 2005