IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLE, <br> BRIGITTE L. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE TECHNICAL AND <br> COMMUNITY COLLEGE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C. A. No. 05-270 KAJ <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S ANSWERS TO PLAINTIFFS'**
**FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

Defendant Delaware Technical and Community College ("the College) by its attorneys, objects to Plaintiffs' First Set of Interrogatories as set forth below. Also set forth below, subject to the following objections, are the College's Answers to Plaintiffs' First Set of Interrogatories. The responses reflect the College's present knowledge of the matters covered by Plaintiffs' First Set of Interrogatories and its best efforts to ascertain information responsive to the interrogatories. The College reserves the right to amend or supplement the responses contained herein as may be necessary or appropriate in the future.

In furnishing these responses, the College does not admit or concede the relevance, materiality, or admissibility in evidence of the information provided. All objections to the use of such information, at trial or otherwise, are expressly reserved.

**GENERAL OBJECTIONS AND QUALIFICATIONS**

In the interest of brevity, the following General Objections and Qualifications are incorporated into the College's responses to each interrogatory, whether specific reference is made to them or not:

1. The College objects generally to each interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or which are otherwise privileged or protected and not subject to discovery. The documents which fall within the scope of this objection include communications between attorneys from Morris, James, Hitchens & Williams LLP, and the College employees, and communications, prepared at the direction of counsel between and among the College employees.

2. The College objects to each interrogatory to the extent that it seeks the disclosure of confidential or proprietary information, communications or documents, and the responses herein shall not be deemed to be a waiver of the College's rights with respect to such information, communications or documents.

3. The College objects to each interrogatory to the extent that it seeks the disclosure of information, communications or documents in violation of the College's, its employees' or third parties' rights of privacy, including any state or local laws, ordinances, rules or regulations protecting employee information. The responses shall not be deemed to be a waiver of the College's, its employees' or any third party's rights with respect to such information, communications or documents.

4. The College objects to each interrogatory to the extent that it seeks "all," "each" or "any" information concerning various subjects or events on the ground that such interrogatories are overbroad, unduly burdensome and oppressive, and, if interpreted literally, potentially impossible to answer.

5. Certain interrogatories employ terms that the College cannot interpret or fully understand. In such circumstances, the College has objected on the ground that a term or

interrogatory is vague and ambiguous. Where possible, the College has made reasonable assumptions as to Plaintiff's intended meaning and has responded accordingly, while preserving the objections as to vagueness and ambiguity.

    6.    The College objects to the term "document," as used in the interrogatories to the extent that the term renders the interrogatories vague and ambiguous, as well as overbroad, burdensome and oppressive, and to the extent that the term seeks to impose obligations on the College beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules for the District of Delaware.

    7.    Any document referred to, or incorporated by reference into, a response to an interrogatory which has been or will be produced and is marked "confidential" is produced pursuant to, and its production is governed by, a confidentiality agreement, dated as of January 16, 2006.

    8.    The College objects to Instruction H to the extent that it requires the production of documents or the answering of interrogatories before agreed- upon or court-ordered dates.

    9.    Documents referred to in any answer provide an answer to the respective Interrogatory. However, references to documents produced by the College are not intended to be exhaustive.

### ANSWERS TO INTERROGATORIES

    1.    Please list Plaintiffs' employment history with Defendant, including, but not limited to, all employment positions held, including description of the job duties/responsibilities, from hiring to the present, salary information for each position, raises given, benefits other than wages offered, layoff and rehire information, if applicable, and any

awards or commendations given to Plaintiffs while employed with Defendant.

**ANSWER:** Please see the following documents produced by the College: DEF 000050- DEF 000246.

2. Identify any person, including yourself, who you know or believe has any knowledge of the facts alleged in the Complaint. With respect to each person identified, describe in detail the factual knowledge you believe each person has and state how you became aware that each identified person has such knowledge.

**ANSWER:** Subject to the foregoing General Objections and Qualifications, and without waiver thereof, the College identifies those persons identified in the College's Rule 26(a)(1) disclosures.

3. Identify each expert you have reason to believe you will call to testify at trial, and as to each such expert provide the information required by the Federal Rule of Civil Procedure 26(a)(3).

**ANSWER:** The Plaintiffs' deadline for disclosure of expert testimony has expired. Because the Plaintiffs will present no experts, the Defendants do not intend to retain experts.

4. Identify the name and address of every expert consulted, retained, or employed by you in anticipation of this litigation for preparation for trial, whether or not you expect to call him as a witness at trial, and as to each state:

(a) The dates of initial employment;

(b) The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two-page letter, three-page report, etc.), and the names and addresses of persons having copies of them;

(c) Whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial.

**ANSWER:** See response Interrogatory No. 3.

5. With respect to each expert that you expect to call at trial to testify, state the following:

(a) The associations or societies of which such expert is a member;

(b) The names and addresses of all facilities, if any, on whose staff such expert has served, or with whom such expert has had courtesy privileges or to whom such expert has served as consultant including the applicable dates of same;

(c) The field of specialization of such expert, if any;

(d) The title, publisher, date and form of all documentary material published by such expert within his field of specialization, if any;

(e) The name, address, employer and address of the employer of such expert;

(f) A detailed explanation of the subject matter as to which such expert is expected to testify;

(g) A detailed explanation of the substance of the facts and opinions and/or conclusions to which such expert is expected to testify;

(h) A detailed summary of the grounds for each opinion as to which such expert is expected to testify;

(i) A detailed explanation of such expert's education and professional history;

(j) The title, publisher, date and form of those documentary materials which such expert believes to be the most authoritative with respect to the subject matter and opinions

5

as to which he is expected to testify;

(k) The name, address, present employer, title, and specialty of each individual who instructed such expert in professional or graduate school with regard to any subjects related to such expert's present specialization and/or with regard to the subject matter as to which he is expected to testify.

**ANSWER:** See response to Interrogatory No. 3.

6. Other than your current attorneys, identify by name and address, all persons with whom you have had any conversation(s) concerning the allegations in Plaintiffs' Complaint, and as to each person so identified, provide the date(s) the discussion(s) occurred, who initiated the discussion(s), and a brief summary of the discussion(s).

**ANSWER:** Objection on the grounds that the Interrogatory is vague and overly broad. Furthermore, the Interrogatory is directed to an entity (the College) which is incapable of having conversations or discussions.

7. Identify each person from whom you have obtained or will obtain a written or oral report, statement, memorandum, affidavit, declaration or testimony regarding the allegations of Plaintiffs' Complaint, contrary or otherwise, state the date that such written or oral report, statement, memoranda, affidavit, declaration or testimony was taken, and the nature and content of such written or oral report, statement, memoranda, affidavit, declaration or testimony.

**ANSWER:** Please see the following documents produced by the College: DEF 000026-DEF 000027; DEF 000095; DEF 000177; DEF 000300-DEF 000302; DEF 000305-DEF 000317; DEF 000322-DEF 000324; DEF 000329-DEF 000341; DEF 000343-DEF 000344; DEF 000346-DEF 000349; DEF 000352-DEF 000354; DEF 000357-DEF 000366; DEF 000367-DEF 000376; DEF 000389-DEF 000391; DEF 000396-DEF 000406; DEF

6

000444; DEF 000454; DEF 000461; DEF 000984-DEF 000992; DEF 001021-DEF 001023.

8. If you, your attorneys, or any other person acting on your behalf inquired of any present or former employee of the Defendant as to whether he or she believes that he or she has been harassed or discriminated against during his or her employment with the Defendant, please identify the following information: the person to whom the inquiry was made; when the inquiry was made; any notes, memoranda, correspondence or tape recordings of, or relating to, the inquiry; and the information communicated from the person, or to the person, as part of the inquiry.

**ANSWER:** Objection on the grounds that the Interrogatory is vague and overly broad, and not reasonably likely to lead to the discovery of relevant information. The College inquired into each allegation of discrimination or harassment set forth in response to Interrogatory 9. The College objects to providing specifics of each such inquiry on the grounds that such allegations are not relevant to any issue in this case.

9. How many grievances have been filed by any present or previous employee(s) against the Defendant or any specific employee of the Defendant in the past five (5) years? Please list the nature, circumstances, individual(s) involved, and the outcome(s) of each such grievance.

**ANSWER:** Objection on the grounds that discovery aimed at securing information relating to grievances filed by employees other than Plaintiffs is not calculated to reveal information relevant to any issue in this case, nor is such discovery calculated to lead to the discovery of any relevant information. Without waiving the foregoing objection, please see the following documents produced by the College: DEF 000975-DEF 000977.

10. Identify each and every litigation, charge, complaint or action

(collectively, "complaint") brought against you before any federal, state or local agency or court by any of your past, present or prospective employees, or by any other entity, which in any way relates to employment or job, termination of employment or job, rejection for employment or job, suspension of employment or job, any transfer, lack of promotion or demotion of employment or job, any grievances related to employment or job, and/or retaliation, harassment and/or discrimination in employment or job. For each such complaint, identify by whom the complaint was made, to whom the complaint was addressed, the date on which the complaint was made, the charge, case or docket number associated with the complaint, any person(s) who would have witnessed the complaint, whether the complaint was reduced to writing, the substance of the complaint, any response received and the outcome of each complaint.

**ANSWER:** Objection on the grounds that discovery aimed at securing information relating to litigation charges, complaints, or actions filed by employees other than Plaintiffs is not calculated to reveal information relevant to any issue in this case, nor is such discovery calculated to lead to the discovery of any relevant information. Without waiving the foregoing objection, please see the College's response to Interrogatories 9 and 11.

11. Please discuss all complaints of harassment and/or discrimination from Plaintiffs, up to the present time, including the nature of the complaint(s), the date each complaint was made, to whom each complaint was made, the action(s) taken regarding each complaint made, and the final outcome of each complaint made.

**ANSWER:** Objection on the grounds that discovery aimed at securing information relating to complaints of harassment and/or discrimination filed by employees other than Plaintiffs is not calculated to reveal information relevant to any issue in this case, nor is such discovery calculated to lead to the discovery of any relevant information. Without waiving

the foregoing objection, please see the following documents produced by the College: DEF 000317-DEF 000319; DEF 000321; DEF 000366; DEF 000388-DEF 000391; DEF 000412-DEF 000413; DEF 000435-DEF 000436; DEF 000444; DEF 000454.

12. Please identify and describe in detail the office space that Plaintiffs were asked to move into, in or around August 12, 2002, that had been occupied by the "To the Max" Program, specifying the number of employees occupying the space and the approximate amount of time they spent in the office space weekly.

**ANSWER:** The amount of time that each relevant employee spent in the office weekly fluctuated dependent upon the requirements of each respective grant. By way of further answer, please see the following documents produced by the College: DEF 000024-DEF 000025; DEF 000032-DEF 000039; DEF 000267-DEF 000272; DEF 001024-DEF 001038; DEF 001169- DEF 001190.

13. Please identify and describe all those involved in the transfer of Plaintiffs to the office space on or about October 8, 2002.

**ANSWER:** Those involved with the aforementioned relocation of Plaintiffs include: Larry Miller, Vice President/Campus Director; Dr. Connie Winner, Assistant Campus Director; Dr. Susan E. Zawislak, Director of Corporate & Community Programs; Brigitte Brown, Student Enrichment Coordinator; Kenneth Cole, Student Enrichment Coordinator; Cathy Hagan, Administrative Assistant; Ann Del Negro, Assistant Director; Paul Morris, Special Programs Director; Rose Henderson, Program Manager; Liz Wilson (Persons), Secretary; Peter Lonie, Program Manager; Crystal Heath, Student Enrichment Coordinator; Kate Sullivan, Program Manager; Tonya Conley, Student Enrichment Coordinator; Edward Cunningham, Superintendent of Buildings and Grounds.

14.     For the past 5 years, please identify the number of employees who occupied the space identified in Interrogatories number 12 and 13 above, the approximate time spent in the office space weekly, name of persons and or programs and the most recent contact information for each.

**ANSWER:**   At all times for the last five years, except for January and February of 2001 when the space identified in Interrogatories number 12 and 13, above, was occupied by two employees, the space identified in Interrogatories number 12 and 13, above, was occupied by four employees who were part of To the Max or Upward Bound Math/Science ("UBMS"). The amount of time that each relevant employee spent in the office weekly fluctuated dependent upon the requirements of each respective grant. Occasionally, work-study students were available to assist the programs, but such students were not assigned a designated work-space.

15.     Please identify and describe any and all complaints and/or grievances made by Plaintiffs concerning their move to office space identified in Interrogatories number 12 and 13 above. Please list the nature; circumstances; individual(s) involved, and the outcome(s) of each such complaint and/or grievance.

**ANSWER:**   Please see the following documents produced by the College: DEF 000095; DEF 000177; DEF 000219; DEF 000221; DEF 000302-DEF 000307; DEF 000350-DEF 000351; DEF 001069; DEF 001072; DEF 001127; DEF 001129; DEF 001131; DEF 001133.

16.     Please discuss, in detail, Defendant's policy, if any, on harassment and/or discrimination.

**ANSWER:**   Please see attachment A, hereto.

17.     Please explain Defendant's justification and support for moving the UBMS

group into the office described in Interrogatories numbered 12 and 13 above.

**ANSWER:** Please see the following documents produced by the College: DEF 000002-DEF 000009; DEF 000018-DEF 000019; DEF 000021-DEF 000022; DEF 000251; DEF 000262-DEF 000263; DEF 000290; DEF 000300-DEF 000301; DEF 000311-DEF 000317; DEF 000323; DEF 000456-DEF 000459; DEF 000466; DEF 000476; DEF 001039-DEF 001049.

18. Were any disciplinary actions ever taken against Plaintiff(s) during their employment with Defendant? If answered in the affirmative, please state the date(s) of the occurrence(s) which gave rise to the action(s), the specific nature of the action(s) taken against Plaintiff's), the date(s) of the disciplinary action(s), the name(s), address(es) and title(s)/rank(s) of each person involved in the issuance of the disciplinary action(s), whether the disciplinary action(s) were contested by Plaintiff(s), and provide copies of all disciplinary notice(s) given to Plaintiff(s).

**ANSWER:** Objection on the ground that the information requested by this interrogatory is available equally to plaintiffs, and the Interrogatory therefore is duplicative. Without waiver of this objection, the College is not aware of any disciplinary actions taken against either of the plaintiffs during their employment with the College.

19. Identify each document that you have, of which you are aware, or which you intend to use, which relates to any defense of any or all of the claims alleged in Plaintiffs Complaint.

**ANSWER:** The Defendant has not yet determined which documents it intends to use in the defense of the claims alleged in the Complaint.

20. Identify and describe the reason for the change in Plaintiff Ken Cole's working hours on or around September 19, 2002 from 8:00 a.m. to 2:00 p.m., to 8:30 a.m. to

2:30 p.m., even though Plaintiff had been working those hours since his hire in 1999.

**ANSWER:** Rosetta Henderson violated College policy by permitting Plaintiff Cole to work hours outside of 8:30 a.m. through 4:30 p.m. By way of further answer, please see the following documents produced by the College: DEF 000097; DEF 000107-DEF 000115; DEF 000273-DEF 000274; DEF 000346; DEF 000368; DEF 000370- DEF 000387; DEF 000400; DEF 000995; DEF 001056; DEF 001063-DEF 001082; DEF 001095-DEF 001112.

21. Explain the reasoning for the change in travel orders for UBMS in or around December 2002, and why the UBMS program was no longer provided blanket travel orders, and instead had to submit separate travel requests as needed. Please specify if this change was made to any other TRIO program, and if so please identify what changes were made to their travel orders.

**ANSWER:** Due to increased fleet service costs, the campus administrators were asked by the campus director to review travel requests from staff carefully. UBMS employees traveled sporadically, since the students they serviced were located out of the State of Delaware. On the contrary, TRIO programs other than UBMS supported in-state students which were visited on a consistent basis. Therefore, blanket travel requests were appropriate for other TRIO programs which had set schedules, but not appropriate for UBMS where the schedules required the use of fleet vehicles on an inconsistent and irregular basis.

22. Please identify and describe all policies pertaining to promotion and transfer of employees.

**ANSWER:** Please see attachment A, hereto.

23. Please identify and describe all transfers and promotions made by Defendants between January 15, 2002 and December 15, 2002 including the name of the

employee, title of former position, title of position to which employee was transferred or promoted, date of transfer and whether position was posted.

**ANSWER:**

| Name | Ethnicity | Position Held | New Position | Posted | Promotion |
|---|---|---|---|---|---|
| Karen Bourne-Douglass | Black | Community Resources Technician | Educational Laboratory Specialist | Y | Promotion |
| Elizabeth Dowell | White | Administrative Assistant | Human Resources Technician | Y | Promotion |
| Crystal Heath | Black | Student Enrichment Coordinator (To the Max) | Student Enrichment Coordinator (SOAR) | Y | Transfer |
| Rose Kipp | White | Program Manager (CCP) | Educational Training Specialist | Y | Promotion |
| Peter Lonie | White | Program Manager (To the Max) | Program Manager (SOAR) | Y | Transfer |
| Tammy Patone | White | Accountant I (Allied Health) | Accountant I (Business Office) | N | Lateral Transfer (Employee Reque[st]) |
| Patricia Williams | White | Program Manager (CDC) | Instructor - ECE | Y | Promotion |

24. Identify and describe the reason for the denial of Plaintiff Brown's use of compensatory time in or around September of 2002.

**ANSWER:** Plaintiff Brown did not request to use compensatory time in or around September of 2002.

25. Identify and describe the compensatory time policy for employees and the basis for granting or denying compensatory time.

**ANSWER:** Please see the following documents produced by the College: DEF 000258-DEF 000259; please also see Attachment A, hereto.

13

                      MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ James H. McMackin, III
David H. Williams (#616)
James H. McMackin, III (#4284)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
Attorneys for Defendant

Dated: January 23, 2006

## VERIFICATION

I, Dr. Susan E. Zawislak, hereby verify that I am employed by Delaware Technical & Community College as the Director of Corporate and Community Programs, and that the facts set forth in Defendant's Answers to Plaintiffs' First Set of Interrogatories Directed to Defendant are true and correct based upon knowledge and information provided to and/or obtained by me in the performance of my duties.

_Susan E. Zawislak_
Dr. Susan E. Zawislak