IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH COLE, <br> BRIGITTE BROWN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 05-270 (KAJ) |
| DELAWARE TECHNICAL AND <br> COMMUNITY COLLEGE, | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

DEFENDANT'S EXHIBIT <br> Cole 2 <br> 2-7-06

## PLAINTIFF KEN COLE'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF, KENNETH COLE

Answering Plaintiff, Kenneth Cole, by and through his undersigned counsel, hereby propounds the following Answers to Defendant's First Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 33 in accordance with the following definitions and instructions.

### DEFINITIONS AND INSTRUCTIONS

A.    "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, E-mail, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeper entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records, and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies

which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts.

B. The term "communication" means the transmission of any information, in any form, including but not limited to orally, in writing, by conduct, by gesture, by electronic or computerized transmission, whether communicated intentionally and/or knowingly or not, and specifically includes but is not limited to all conversations, meetings, telephone calls, tape recordings of telephone calls, facsimiles, letters, emails and writings of any kind.

C. A request that you "describe in detail" or identify "the factual basis" of a matter means that you must describe that matter fully, by reference to underlying specific facts and specific times, places, people and actions.

D. The term "identify" when used with reference to an individual person, business or other entity shall mean to state its full name (or if not known, provide sufficient description so that the person, business or other entity will be identifiable to the recipients of your answer), business affiliation, and last known business or home address and phone number.

E. In answering the interrogatories, you must furnish all information that is available to you, including information in the possession of your attorneys, healthcare providers and/or any other person or entity subject to your direction or control. If, after exercising due diligence, you cannot answer an interrogatory in full, state that fact and answer to the extent possible.

F. If you need additional space to respond to any interrogatory, you may attach additional pages as necessary, provided however that you must clearly identify the particular interrogatory to which the additional pages respond.

G. If you claim any form of privilege or other protection from disclosure as a ground for withholding responsive information, set forth each and every fact or basis on which you

claim a privilege with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

H. The interrogatories are continuing in nature and you have an affirmative obligation to promptly supplement your responses as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you, and in all events prior to trial of this action.

## INTERROGATORIES

1. Identify each person from whom you have obtained or will obtain a written statement concerning the facts of this case and identify each such written statement.

**ANSWER:**

**No statements have been procured.**

2. Identify each and every communication made between you and any agent or employee of the College concerning your allegations of racial discrimination and retaliation. For each such communication, identify the following: (a) the date, time, place and manner in which the communication was made; (b) whether such communication was in writing; (c) the person or persons to whom or from whom the communication was made; (d) any other persons who would have witnessed the communication in whole or in part; and (e) the substance of any conversation during which the communication occurred, including your best recollection of each statement made and each response thereto.

**ANSWER:**

3

**1st Grievance Form**: a) Plaintiff filled out standard form provided by Defendant on September 5, 2002. b) Form is handwritten and supplemented with a typewritten statement which was attached to form. c) Form was submitted to HR and Susan Zawislak, the Director of Corporate and Community Programs Division. d) Employees in HR and in the Plaintiff's own department may have witnessed the Plaintiff filling out the form. e) None.

**2nd Grievance Form**: a) Plaintiff filled out standard form provided by Defendant on October 1, 2002. b) Form is handwritten and supplemented with a typewritten statement which was attached to form. c) Form was submitted to HR and Susan Zawislak, the Director of Corporate and Community Programs Division. d) Employees in HR and in the Plaintiff's own department may have witnessed the Plaintiff filling out the form. e) none.

**3rd Grievance Form**: a) Plaintiff filled out standard form provided by Defendant on November 4th, 2002. b) Form is handwritten and supplemented with a typewritten statement which was attached to form. c) Form was submitted to HR and Susan Zawislak, the Director of Corporate and Community Programs Division. d) Employees in HR and in the Plaintiff's own department may have witnessed the Plaintiff filling out the form. e) None.

**Memorandum from Susan Zawislak**: a) Answering Plaintiff received memo dated September 25, 2002 in response to Grievance #1. b) Memo is typed. c) Memo is to Answering Plaintiff from Ms. Zawislak. d) Kathi Karsnitz received a copy of the memo, and Ms. Zawislak's secretary may have drafted the memo. e) None.

<u>Memo to Jackie Jenkins</u>: a) Answering Plaintiff sent memo on Debember 4th, 2002. b) Memo is typed. c) Memo is to Jackie Jenkins, Director of Human Resources from Answering Plaintiff. d) Memo was also sent to Orlando George, Lawrence Miller, Sue Zawislak and Rose Henderson. e) None.

<u>Email from Jackie Jenkins</u>: a) Email was sent out on December 4, 2002 at 3:08pm b) Email is typed. c) Email is from Jackie Jenkins to Ken Cole. d) Sue Zawislak, Rose Henderson and the following email addresses: miller@college.dtcc.edu and pres@college.dtcc.edu. e) None.

<u>Email to Jackie Jenkins</u>: a) Email was sent on December 6, 2002 at 11:42 am. b) Email is typed. c) Email is from Ken Cole to Jackie Jenkins. d) Sue Zawislak, Rose Henderson and the following email addresses: miller@college.dtcc.edu and pres@college.dtcc.edu. e) None.

<u>Letter to Ken Cole</u>: a) Letter was sent on December 13, 2002 b) Letter is typed. c) Letter is from Jackie Jenkins. d) Lawrence Miller, Vice President and Campus Director and Sue Zawislak, Director of Corporate and Community Programs. E) None.

<u>Memo/ Meeting Recap:</u> a) Memo sent sometime after December 13, 2002. b) Memo is typed. c) Memo is from Rose Henderson to Ken Cole and Brigitte Brown. d) Unsure. e) None.

3. Identify each expert you have consulted regarding the facts of this case. For each expert, please: (a) state the substance of the opinion of the expert; (b) summarize

5

the grounds for each such opinion; and (c) whether you have reason to believe that you will call the expert to testify at trial.

ANSWER:

**No expert witnesses have been identified at this time. Answering Plaintiff reserves the right to retain experts and if such experts are retained to testify at trial, to the extent this information does not violate the attorney client privilege, work product doctrine or any other privilege, the appropriate information will be provided as a supplement to these Answers to Interrogatories or during the discovery process.**

4. State whether you contend that any admissions with respect to the subject matter of this action have been made by any agent or representative of the College, and if so: (a) identify the person who made each admission; (b) set forth the substance of each admission and state when it was made and whether it was oral or written; (c) identify all documents that constitute, refer or relate to each admission; and (d) identify each person to whom you have reason to believe may have information or knowledge concerning each admission.

ANSWER:

**Upon information and belief, there have been no admissions made.**

5. Describe in detail the types and amounts of all damages you are seeking in the Complaint, and set forth the calculation of damages that you are seeking in this case, and detail the manner in which you calculated such damages.

ANSWER:

Answering Plaintiff is unable to determine an exact amount of damages at this time. When Answering Plaintiff is in a better position to determine and/or approximate total damages for this matter, the information will be provided as a supplement to this Interrogatory.

6. Describe in detail any and all other claims including, but not limited to, lawsuits, Delaware Department of Labor charges, EEOC charges, and grievances against current or former employers for which you have alleged discrimination and for each claim state: (a) the name and address of the employer; (b) the name and address of the attorney representing the employer, if any; (c) the name and address of the attorney representing you, if any; (d) the company, organization, court, or agency to which the claim was filed and the file number or identification number; (e) the substance of the allegation; and (f) the resolution of the claim.

**ANSWER:**

**Objection:** Answering Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to, or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Answering Plaintiff objects further, in that the interrogatory seeks information that does not pertain either specifically or generally to issues relevant to this litigation. To this extent, the Interrogatory is overly broad, unduly burdensome and seeks information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Without waiving said objection:

(a)   PECO Energy

    (b)    Information is not available at this time.

    (c)    Silverburg Association and EEOC, there was a charge of racial discrimination.

    (d)    The matter was settled out of court in 1998.

7.    Identify each person whom you know or believe has knowledge or information concerning any allegations in the Complaint, and for each such person, describe in detail the nature of his or her knowledge and information and state how you became aware of that person's knowledge.

**ANSWER:**

    a)    The parties to this lawsuit along with their employees and representatives.

    b)    Employees of Margolis Edelstein. The information possessed by these individuals is protected by attorney client privilege and/or work product doctrine.

    c)    By way of further answer: Rosetta Henderson, Elizabeth Person (Wilson), Tonia Conley, Kate Sullivan, Sue Zawislak, Ann Del Negro, Paul Morris, Cara Standard, Connie Winner, Larry Miller, Jackie Jenkins, Orlando George, Jackie Wright Henderson, and Andrea Coleman (Colins).

Answering Plaintiff believes that the above-named individuals may have knowledge related to his specific allegations in this litigation or evidence in support of his claims.

8.  Describe in detail any and all emotional, mental, and/or psychological injuries you encountered due to the conduct of Defendant as alleged in Paragraphs 72, 77, and 81 of the Complaint.

**ANSWER:**

**Answering Plaintiff has suffered mental anguish, degradation and humiliation.**

9.  Identify all physicians, psychologists, psychiatrists or other health care providers from whom you have sought or received treatment because of the physical or emotional injuries Plaintiff alleges to have suffered because of the conduct of Defendant, and for each health care provider identified, describe in detail:

    (a).   the dates upon which you began and ended treatment with the health care provider;

    (b).   the medical care provided, including the name of any medication prescribed by the health care provider and the dates during which you took such medication and any surgical procedures or operations conducted on you by the health care provider; and

    (c).   any physical therapy program prescribed or overseen by the health care provider; and

    (d).   any work restrictions placed upon you by any health care provider and the dates those restriction were in effect.

**ANSWER:**

**None.**

9

10. Identify all judicial and administrative civil actions to which you have been a party or testifying witness, and include all identifying numbers assigned by the agency or court, as well as a description of the nature of the action.

ANSWER:

<u>Objection:</u> Answering Plaintiff objects to this Interrogatory in that it seeks information that is not relevant to, or reasonably calculated to lead to the discovery of admissible evidence in this litigation. Answering Plaintiff objects further, in that the interrogatory seeks information that does not pertain either specifically or generally to issues relevant to this litigation. To this extent, the Interrogatory is overly broad, unduly burdensome and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Without waiving said objection: Answering Plaintiff has been involved in legal matters of the following nature: Jury duty, Landlord/ Tenant and Workers Compensation.

11. Identify and describe in detail each of the "grievances" referred to in Paragraph 66 of the Complaint.

ANSWER:

Answering Plaintiff filed 3 Grievances with the Defendant. The first objects to the promotion of Paul Morris and requests a review by the Vice President and the Campus Director; the second grievance requests for an investigation; the third refers to the first two grievances and requests a review by the Grievance Review Committee and an investigation. Please refer to documents provided.

12. Identify and describe in detail the "complaint with the Delaware Department of Labor" referred to in Paragraph 66 of the Complaint.

ANSWER:

Answering Plaintiff filed a complaint with the Department of Labor in regards to a "Charge of Discrimination". Answering Plaintiff describes the promotion of Paul Morris and the move of Answering Plaintiffs' co-workers into a confined office space. Please refer to documents provided.

13. Describe in detail each and every action taken by Defendant which you claim was motivated by intent to discriminate on the basis of race.

ANSWER:

The move of four black employees out of their offices into a confined space different from the rooms two other program participants occupy. Plaintiff also feels the following promotions were discriminatory: the promotion of Paul Morris without posting; the acting position of Jacquita Wright Henderson; the promotion of Andrea Collins over UBMS and the lateral move of Rosanna Brown-Simmons over the UBMS program. Program calendars for on-site school visits were changed from 90 days to 30 days and travel requests were changed from a blanket request to individual travel requests and requests to modify work schedules were denied.

14. Describe in detail each and every action taken by Defendant which you claim was motivated by an intent to retaliate.

ANSWER:

11

**Answering Plaintiff's work hours were changed; he was harassed through email and there was a scrutiny of his work schedule.**

15. Describe in detail each of the "promotions" and "transfers" referred to in Paragraph 75 of the Complaint.

ANSWER:

   a) Paul Morris was promoted in August 2002 to a position that was not publicly posted.

   b) Jacquita Wright Henderson was promoted to her acting position without offering the position to the plaintiff or co-worker.

   c) Andrea Collins was transferred without offering the position to co-worker or plaintiff.

   d) Rosanna Brown-Simmons was transferred without offering the position to plaintiff.

16. Describe in detail the "employment opportunities" referred to in Paragraph 72 of the Complaint.

ANSWER:

Please see Answer to Interrogatory number 15 above.

17. Describe in detail the "numerous opportunities for career advancement" referred to in Paragraph 79 of the Complaint.

ANSWER:

Please see Answer to Interrogatory number 15 above.

18. Describe in detail each and every "request for promotion" referred to in Paragraph 80 of the Complaint.

ANSWER:

Answering Plaintiff was not provided the opportunity to post or apply for the position of Special Program Director because Defendant failed to post the position.

19. Beginning on November 1, 1999 and continuing until the present, describe in detail each and every attempt you made to find employment, seek a promotion, or pursue education, training, or other alternatives. For each such attempt:

(a) identify the employer to whom you made application for employment and/or promotion, formally or informally;

(b) set forth the specific date(s) such application was made (if you cannot remember the specific date(s), so state and set forth the approximate date(s));

(c) describe in detail what you did initially to request employment and/or seek promotion from the employer;

(d) describe in detail every subsequent step in the process that you took with regard to the employer, including but not limited to, any interviews you attended, any correspondence you wrote, and any tests or forms you filled out;

(e) describe in detail the salary, wages, and the value of any and all benefits, including but not limited to medical insurance, life insurance, retirement plan benefits, and fringe benefits for profit sharing; and

(f) identify each document which refers or relates to, or upon which you rely in support of, the answers to this Interrogatory.

**ANSWER:**

Answering Plaintiff was never given an opportunity to seek promotion because opportunities were never posted:

a) August 2002- Promotion of Paul Morris- Special Program Manager position was not posted.

b) March 2004- Promotion of Jacquita Wright-Henderson- Acting Program Manager for UBMS position was not posted.

c) February 2005- Transfer of Andrea Collins- Lateral move opportunity not posted.

d) September 2005- Transfer of Rosanna Brown Simmons- Lateral move opportunity not posted.

MARGOLIS EDELSTEIN

_/s/ Jeffrey K. Martin_

Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 facsimile
jmartin@margolisedelstein.com
Attorney for Plaintiff Kenneth Cole

Dated: October 31, 2005

## AFFIRMATION

I, Kenneth Cole, hereby affirm:

1. I am a Plaintiff named in the above-captioned civil action.

2. I have read the within and foregoing Responses to the Interrogatories served by Defendant Delaware Technical and Community College, and know the contents thereof.

3. The facts stated therein are true and accurate to the best of my knowledge and belief.


KENNETH COLE

*/s/ Kenneth Cole*
Kenneth Cole, Plaintiff


Dated: October 31, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLE, BRIGITTE BROWN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 05-270 (KAJ) |
| DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | ) ) ) ) |
| Defendant. | ) ) |

### CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, do hereby certify that on October 31, 2005 a copy of the foregoing

***Plaintiff's Response to Defendant's First Set of Interrogatories Directed to Kenneth Cole*** were

served pre-paid US mail on the following attorney of record indicated below:

David H. Williams, Esquire
Jennifer L. Brierley, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306


MARGOLIS EDELSTEIN

_____
Jeffrey K. Martin, Esquire (DE # 2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 facsimile
jmartin@margolisedelstein.com
Attorney for Plaintiff Kenneth Cole

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH COLE, BRIGITTE BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE TECHNICAL AND COMMUNITY COLLEGE, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 05-270 (KAJ) ) ) ) ) ) |

### NOTICE OF SERVICE

I, Jeffrey K. Martin, the undersigned counsel for Plaintiff Kenneth Cole hereby certify that two true and correct copies of *Plaintiffs Response to Defendant's First Set of Interrogatories Directed to Kenneth Cole* were served on October 31, 2005 to the following:

David H. Williams, Esquire
Jennifer L. Brierley, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (DE # 2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 facsimile
jmartin@margolisedelstein.com
Attorney for Plaintiff Kenneth Cole

17