Page 1

```
 1             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
 2

 3   KENNETH COLE,                    : C.A. No.:

 4   BRIGITTE L. BROWN,               : 05-270 KAJ

 5           Plaintiffs,              : CONFIDENTIAL

 6   v.                               :

 7   DELAWARE TECHNICAL AND           :

 8   COMMUNITY COLLEGE,               :

 9           Defendant.               :

10           Continued deposition of KENNETH COLE, taken

11   pursuant to notice before Tanya M. Congo, a Notary

12   Public and Certified Shorthand Reporter, at the

13   offices of Morris, James, Hitchens & Williams, LLP,

14   222 Delaware Avenue, 10th Floor, Wilmington,

15   Delaware, on Tuesday, February 7, 2006, beginning at

16   approximately 1:05 p.m., there being present:

17   APPEARANCES:

18           MARGOLIS, EDELSTEIN
             1509 Gilpin Avenue
19           Wilmington, Delaware 19806
             BY:  LORI A. BREWINGTON, ESQUIRE
20           Attorney for Plaintiffs

21           MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
             222 Delaware Avenue, 10th Floor
22           Wilmington, Delaware 19899
             BY:  DAVID H. WILLIAMS, ESQUIRE
23           Attorney for Defendant

24           Also present:  Brigitte L. Brown
                            Paul Morris
```

1   C O N F I D E N T I A L   S E S S I O N

2           (Thereupon, the following testimony

3   was deemed to be confidential and placed under

4   separate cover:)

5   BY MR. WILLIAMS:

6       Q.   Well, I would say that you can put it

7   under seal, I guess, if you want to, but I think it's

8   appropriate discovery in this case.

9       A.   The business in sales, it's about, for

10  2005, 192.

11      Q.   What income did you derive from the

12  business in 2005?

13      A.   My income is -- I only draw 1200 a month.

14      Q.   And in addition to that, do you have other

15  distributions of dividends or profits?

16      A.   No.

17      Q.   Do you retain earnings in the company?

18      A.   Yes, there's no stockholders.

19      Q.   How much did you retain -- is it a

20  Subchapter S Corporation?

21      A.   Yes.

22      Q.   I'm not a tax lawyer, but my understanding

23  of Subchapter S is that whatever income is generated

24  flows through to the owner of the business; has that

1   been your understanding?
2       A.   No, that's a -- you're thinking of LLC.
3       Q.   How much was retained in earnings in 2005?
4       A.   Forty, 50,000.
5       Q.   Did the corporation file a tax return?
6       A.   Always.
7       Q.   And I assume you filed a tax return?
8       A.   Always.
9       Q.   And between the tax return filed by the
10  company and the tax return filed by you, we would be
11  able to determine how much you earned and how much
12  was earned by the corporation in 2005?
13      A.   Absolutely.
14      Q.   And the same would be true of each year
15  since -- beginning in 2002?
16      A.   Absolutely. I have accountants.
17      Q.   Have you provided any of those records to
18  your counsel?
19      A.   I'm sorry.
20      Q.   Have you provided those records to your
21  counsel?
22      A.   No.
23      Q.   If you were working for the college full
24  time, are you telling me that you would nevertheless

1  be able to work for your business full time as well
2  and generate the same level of earnings?
3      A.   I'm sorry.  Repeat that.
4      Q.   If you had a full-time position with the
5  college, isn't it correct that you would not be in a
6  position to devote the time that you have devoted to
7  your outside business in 2002, 2003, 2004 or 2005?
8           MS. BREWINGTON:  Objection.  Calls for
9  speculation.
10          THE WITNESS:  Ask the question again.
11 I'm sort of --
12 BY MR. WILLIAMS:
13     Q.   Well, you --
14     A.   -- wavering here.
15     Q.   Early on in the deposition you said that
16 most days you leave work at the college and go to
17 your place of business.
18     A.   Okay.
19     Q.   Is that in Wilmington?
20     A.   Yes.
21     Q.   Is it close by the college?
22     A.   Philadelphia Pike, Route 3 and
23 Philadelphia Pike.
24     Q.   So you drive to Philadelphia Pike and you

KENNETH COLE
Continuation

Page 5

```
 1    get there by what, about 2:30 normally?
 2         A.    Yes.
 3         Q.    And, then you spend most days -- you're
 4    there until 5:30, sometimes 6:00, sometimes 7:00 and
 5    sometimes 8:00, sometimes 9:00?
 6         A.    Yes.
 7         Q.    And do you do that every workday?
 8         A.    Yes.
 9         Q.    And you said you also work on some
10    weekends?
11         A.    Yes.
12         Q.    Isn't it a fact that if you were working
13    in a full-time position at the college, that you
14    wouldn't be able to go there at your other place of
15    work or business at 2:30 every day?
16              MS. BREWINGTON:  Objection.
17              THE WITNESS:  That's -- that's true to
18    some extent.  You asked me what the corporation was
19    generating today.  In 2002 the corporation wasn't
20    generating that kind of money.  So when the position
21    came, or didn't become available, it would be a
22    different assessment in 2002 or evaluation whether to
23    take a full-time position and sort of manage from,
24    you know, long range, 'cause I have a proficient
```

KENNETH COLE
Continuation

Page 6

1  manager in place that could manage the business.  The
2  business has a lot to do with Internet, clients
3  access the Internet.
4         MS. BREWINGTON:  We can go off now.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

```
 1                        INDEX

 2              Deposition of KENNETH COLE

 3              Date:   February 7, 2006

 4

 5    Examination of:                          PAGE

 6    Kenneth Cole

 7    (By Mr. Williams)                         2

 8                       EXHIBITS

 9    NAME           DESCRIPTION                PAGE

10    (None)

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```